**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**
No. 96-4017

| | | |
|---|---|---|
| Glen Cramer, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States District |
| v. | * | Court for the Eastern District of |
| | * | Missouri. |
| McDonnell Douglas Corporation, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: May 19, 1997
Filed: July 25, 1997
_____

Before BEAM and LOKEN, Circuit Judges, and KYLE, District Judge.[1]
_____

BEAM, Circuit Judge.

Glen Cramer appeals the district court's[2] order granting summary judgment to McDonnell Douglas Corporation (MDC) in this age discrimination action. We affirm.

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, sitting by designation.

[2]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

# I. BACKGROUND

Cramer began working for MDC in 1966. He was later promoted to a facility manager position and held that position at the time of his discharge. As a facility manager, Cramer was responsible for the upkeep and maintenance of several of MDC's buildings. He was one of eleven persons with similar jobs.

The buildings Cramer was assigned to maintain required substantial upkeep and maintenance. Housekeeping and maintenance in these buildings, however, were a continuing source of complaints from customers and employees. For instance, feedback from one customer survey indicated that building cleanliness and repair were below average for the majority of buildings under Cramer's care. Cramer was aware of these problems and his failure to remedy the situation and discussed them with the Director of Facility Management, to whom he reported. Although Cramer's job performance reviews were generally positive over the years, his reviews as a facility manager consistently noted deficiencies in his housekeeping abilities.

In 1992, MDC decided to reduce its number of managerial level employees. At that time, Rick Windsor was the Director of Facility Management and Cramer's supervisor. Windsor was supposed to reduce his managerial staff by a "target" level of twenty-five percent. He examined the managerial positions under his supervision and decided that the reduction in force could best be absorbed in his facility management positions. After reviewing the facility managers' evaluations and assessing the various skills of those managers, Windsor chose Cramer and three other managers for layoff.

At the time of his layoff, Cramer was forty-seven years old, and the youngest of those laid off.[3] Another facility manager, Jerry Patterson (age fifty-four), assumed most of Cramer's job responsibilities. After the layoffs, the average age of comparable facility managers rose from 52.3 years old to 52.7 years old.

Following his termination, Cramer filed this action claiming MDC discharged him because of his age, in violation of the Age Discrimination in Employment Act and the Missouri Human Rights Act. The district court granted MDC's motion for summary judgment on these claims. Cramer appeals.

## II. DISCUSSION

To prove he was the subject of age discrimination in this reduction in force case, Cramer must first establish a prima facie case of age discrimination within the burden-shifting framework of McDonnell Douglas Corporation v. Green, 411 U.S. 792, 802 (1973).[4] He must show that he: (1) is within the protected age group; (2) was

---

[3]The other three managers laid off at this time were Gordon Morris (age 55), Andy Anderson (age 57), and Phil Neeter (age 48).

[4]The use of this burden shifting framework is appropriate in cases where direct evidence of discrimination is unavailable. See Rothmeier v. Investment Advisors, Inc., 85 F.3d 1328, 1331-32 (8th Cir. 1996). Cramer offered the familiar "Five Keys in Perspective" document as direct evidence of discrimination. We have consistently found that this document, written in 1986 by John McDonnell, President of MDC, only represents John McDonnell's "personal view of MDC's new management initiatives." Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 775 (8th Cir. 1995). John McDonnell was not involved in the decision to discharge Cramer, and Windsor, who was involved in the decision, testified that the Five Keys document had no bearing on the decision. See Nitschke v. McDonnell Douglas Corp., 68 F.3d 249, 252 (8th Cir. 1995). In light of these facts, we agree with the district court's conclusion that Cramer offered no direct evidence to show that age was the motivating reason for his discharge.

performing his job at a level that met MDC's legitimate expectations; and (3) was discharged. <u>Aucutt v. Six Flags Over Mid-America, Inc.</u>, 85 F.3d 1311, 1316 (8th Cir. 1996); <u>Nitschke v. McDonnell Douglas Corp.</u>, 68 F.3d 249, 251 (8th Cir. 1995). Cramer must also make "some additional showing" that age was a factor in his termination, to get to a jury. <u>Aucutt</u>, 85 F.3d at 1316. The district court found that Cramer failed to make such a showing. We agree.

In an attempt to prove that age played a role in his termination, Cramer presented evidence to show that: (1) in laying off four facility managers, Windsor exceeded the twenty-five percent goal; and (2) his evaluation scores did not adequately reflect his performance.[5] Although discharging four of eleven managers amounts to a thirty-six percent reduction in force, Windsor considered all thirteen of his managers in making the discharge decision, resulting in roughly a thirty percent reduction overall. Had Windsor selected only three managers, the reduction would not have met the twenty-five percent target. More importantly, however, Cramer offered absolutely no evidence that the twenty-five percent goal was anything more than a target level of reduction or that it was a maximum level not to be surpassed.

As for disputing his evaluation scores, Cramer again failed to show that age played a role in his layoff. Throughout his career as a facility manager, Cramer's evaluations consistently showed that his attention to building maintenance and cleanliness was not one of his strong points. Cramer specifically takes issue with his 1992 evaluation in which Windsor rated his overall performance as requiring improvement. In reaching that conclusion, Windsor emphasized his concerns over

---

[5]Cramer also claims that he was discharged to eliminate his salary and potential retirement benefits. However, this argument is meritless because Cramer failed to produce any statistical evidence comparing his salary and benefits to the employees retained by MDC. Furthermore, discharging an employee solely because of his status as a higher paid employee, does not alone permit an inference of age discrimination. <u>See</u>, <u>e.g.</u>, <u>Bialas v. Greyhound Lines, Inc.</u>, 59 F.3d 759, 763 (8th Cir. 1995).

Cramer's leadership skills and the continued low customer rating of Cramer's buildings. The fact that Windsor chose to place special emphasis on certain areas of job performance does not constitute grounds for challenging the evaluation as discriminatory. See Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 780 (8th Cir. 1995). Furthermore, evidence of competence is not determinative in this case. Cramer was not discharged for incompetence, but as part of a legitimate reduction in force. We have considered the remainder of Cramer's arguments, including his additional proffered evidence of discrimination, and find them to be without merit.

## III. CONCLUSION

Because Cramer failed to show that age was a motivating factor in MDC's decision to discharge him, we affirm the district court's order granting summary judgment in favor of MDC.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.