# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1447

_____

| | | |
|---|---|---|
| Robert W. Doerhoff, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| McDonnell Douglas Corporation, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  December 16, 1998

Filed: March 30, 1999

_____

Before BEAM, FLOYD R. GIBSON and LOKEN, Circuit Judges.

_____

FLOYD R. GIBSON, Circuit Judge.

Robert Doerhoff appeals the district court's[1] grant of summary judgment in favor of his former employer, McDonnell Douglas Corporation (MDC), on Doerhoff's claim that MDC terminated him in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634 (1994).  We affirm.

_____

[1]The HONORABLE STEPHEN N. LIMBAUGH, United States District Judge for the Eastern District of Missouri.

## I.    BACKGROUND

Doerhoff began his employment with MDC in 1963 at the age of 27 as an Inspector-Radio and Electric.  During his thirty years with MDC, Doerhoff occupied a number of positions within the company and received satisfactory performance evaluations.  In 1990, MDC promoted Doerhoff to the position of Lead Technician, a position he would occupy until his termination in December of 1993.  In December of 1992, Doerhoff was assigned to the Space Electronics Power Systems (SEPS) Program.  When the SEPS Program was substantially eliminated one year later, Doerhoff opted for early retirement in lieu of lay-off.  Doerhoff's last day of employment with MDC was December 31, 1993.

In 1990, as a result of adverse financial and business conditions, MDC began a series of reductions-in-force (RIFs).  The widespread lay-offs spawned a series of employment discrimination lawsuits.  In 1993, MDC entered into a Consent Decree with the Equal Employment Opportunity Commission (EEOC) which established an enterprise-wide RIF Management Process.  The RIF Management Process is a four-step process through which employees are selected for lay-off based upon objective criteria.  See Appellant's App. at 29-31.  First, MDC arranges employees into skill groups based upon the program, grade level, and job responsibilities of employees.  Next, the skills most critical for employees within each skill group are identified and defined.  Each skill is then ranked in importance and assigned a point value.  Finally, members of the skill group are ranked on each skill by their immediate supervisors, creating a Relative Assessment Score (RAS) for each employee.

At the time the SEPS Program was substantially eliminated, Doerhoff's skill group was comprised of technical employees that were involved in testing and development in the SEPS Program and had grade levels of 55 to 59.  The skill group consisted of ten employees:  two technicians and eight engineers.  Six of the employees, including Doerhoff, were selected for lay-off in December of 1993.  Of the

six, five employees were able to secure other positions with MDC prior to their lay-off. Doerhoff was the only employee who did not secure another position with MDC. Doerhoff, at age fifty-seven, was the oldest, and ultimately only, employee who lost his job due to the SEPS RIF. His RAS was the lowest in his comparable skill group.[2]

After receipt of his Right to Sue letter from the EEOC, Doerhoff filed this action, alleging that MDC violated the ADEA by forcing him to choose between early retirement and lay off. MDC filed a motion for summary judgment on Doerhoff's claim, which the district court granted on January 9, 1998. Doerhoff appeals.

## II.    DISCUSSION

We review a grant of summary judgment de novo and will affirm the judgment only if, after reviewing the record in the light most favorable to the Doerhoff, as the non-moving party, no genuine issue of material fact exists from which a reasonable juror could find in favor of Doerhoff. See Nitschke v. McDonnell Douglas Corp., 68 F.3d 249, 251 (1995); Fed.R.Civ.P. 56(c).

As Doerhoff is relying on circumstantial, rather than direct, evidence to prove his claim of age discrimination, the familiar burden-shifting scheme developed by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), applies to this case. Therefore, Doerhoff must first establish a prima facie case of age discrimination. Once the prima facie case is established, a legal presumption of unlawful discrimination is created. See St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506 (1993). The burden of production then shifts to MDC to articulate a legitimate non-discriminatory reason for Doerhoff's termination. If MDC comes forward with a non-discriminatory explanation, the presumption of unlawful

[2]Doerhoff's RAS was 50.9 out of a maximum 100. The other employees within the skill group were assessed scores between 53.2 and 81.0.

discrimination drops from the case.  See id at 511.  The burden of production then returns to Doerhoff to rebut MDC's explanation by showing that the proffered reason is actually a pretext for intentional discrimination.  See id. at 508.  The burden of proof remains with Doerhoff at all times.  See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981).

To establish a prima facie case of age discrimination in a RIF context, Doerhoff must show: 1) that he is within the protected age group;[3] 2) that he met the applicable job qualifications; 3) that he was terminated; and 4) produce some additional showing indicating that age was a factor in his termination.  See Cramer v. McDonnell Douglas Corp., 120 F.3d 874, 876 (8th Cir. 1997).  For the purposes of this appeal, we will assume, as did the district court, that Doerhoff established his prima facie case.  MDC articulated a legitimate non-discriminatory reason for Doerhoff's termination -- the RIF combined with Doerhoff's low RAS.  Doerhoff contends that he produced sufficient evidence to allow a reasonable trier of fact to conclude that MDC's explanation is merely a pretext for intentional age discrimination.  We disagree.

Doerhoff offers, as his primary evidence of age discrimination, that his placement in a skill group which included eight engineers and two technicians virtually guaranteed that he would receive a low RAS and therefore be chosen for lay-off.[4]  Doerhoff claims that he could not be expected to score as well as the engineers in his skill group and that MDC manipulated the RIF Management Process in order to justify his termination.  If Doerhoff offered evidence that MDC's RIF Management Process was based upon a discriminatory policy, he could sufficiently show that MDC's explanation for his

---

[3]The ADEA protects individuals who are at least forty years of age.  See 29 U.S.C. § 631(a) (1994).

[4]Engineers generally possess a post-secondary degree and perform managerial or supervisory duties whereas a technician's main duty is to provide support as directed by an engineer.  See Appellant's App. at 130, 142-43, 155-57.

termination was a pretext for intentional discrimination. See Nitschke, 68 F.3d at 252 n.3. However, this Doerhoff has failed to do.

Initially, Doerhoff argues that MDC could not legitimately group employees with differing job titles into the same skill group. The RIF Management Process requires the grouping of employees with similar, not identical, job responsibilities and grade levels. Doerhoff's skill group was comprised of all those technical employees involved in the SEPS Program with grade levels below 59. In reviewing the RASs of each member of the skill group, it does not appear that technicians were dealt a insurmountable blow when they were placed with engineers. Two engineers in Doerhoff's skill group were assessed RASs of 53.2 and 54.8, only slightly higher than Doerhoff's score of 50.9. The only other technician in the skill group received a RAS of 63.3, higher than four of the engineers in the group. Given these facts, we will not second-guess the wisdom of MDC's decision to place this particular group of employees together for the purpose of assessing skills. See Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 781 (8th Cir. 1995) (unless intentional discrimination is involved, court does not review the wisdom or fairness of business judgments). We agree with the district court that the composition of Doerhoff's skill group does not raise any inference of age discrimination on the part of MDC.

As further evidence of age discrimination, Doerhoff points to the fact that the five other employees selected for lay-off upon the elimination of the SEPS Program found other employment with MDC. Although Doerhoff did not bring a failure to transfer claim[5] against MDC, we note that this does not prevent him from attempting to use MDC's failure to transfer him as evidence that the RIF was a pretext for age discrimination. Nonetheless, Doerhoff has not presented any evidence from which it

---

[5]A failure to transfer claim is a distinct cause of action, separate from the wrongful termination claim which Doerhoff has brought. Cf. Kehoe v. Anheuser-Busch, Inc., 96 F.3d 1095 (8th Cir. 1996).

could reasonably be inferred that his age played a role in his failure to secure other employment with MDC.

Doerhoff was formally advised of the substantial elimination of the SEPS Program and his impending lay-off on December 8, 1993. See Appellant's App. at 82. Doerhoff admits, however, that he had been aware of rumors for several months that at least a portion of the SEPS Program would be eliminated. See id. at 71-73. While the other SEPS employees selected for lay-off had secured other positions[6] with MDC prior to the official announcement of the RIF, Doerhoff, apparently believing that his position would not be eliminated, did not attempt to secure another position. Doerhoff did not apply for any other specific position with MDC and made only minimal efforts to effectuate a transfer.[7] Within fifteen days of his formal notification of the RIF, Doerhoff opted for early retirement in lieu of lay-off. Under these circumstances, we do not believe that Doerhoff offered evidence giving rise to a reasonable inference of age discrimination.

We have considered the other evidence offered by Doerhoff as proof of age discrimination and find it to be insufficient to withstand MDC's motion for summary judgment. Accordingly, the district court's order is affirmed.

## III.   CONCLUSION

For the reasons set forth above, we affirm the district court's grant of summary judgment.

---

[6]Although the record is unclear on the point, apparently the five other employees sent their resumes to other departments throughout the company while Doerhoff failed to do so. See id. at 70.

[7]In his deposition, Doerhoff stated that he once sent his resume to the Job Fair. See id. at 71.

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.