# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4207

_____

Daniela Taylor,                                         *
                                                        *
          Appellant,                    *
                                                        *
                                                        *  Appeal from the United States
     v.                                   *  District Court for the Western
                                                        *  District of Arkansas.
QHG of Springdale, Inc., successor to                   *
Northwest Health Systems, Inc. doing                    *
business as Northwest Medical Center;                   *
CommunityCare Foundation, Inc.,                         *
formerly known as Northwest Health                      *
Systems, Inc.,                                          *
                                                        *
          Appellee.                     *

_____

Submitted:  June 15, 2000

Filed:  July 18, 2000
_____

Before WOLLMAN, Chief Judge, BEAM, and BYE, Circuit Judges.
_____

BEAM, Circuit Judge.

Daniela Taylor managed the Cardiac Diagnostic Lab at Northwest Medical Center. The Cardiac Diagnostic Lab was the main location in the hospital where electrocardiograms (EKGs) were performed on patients. As lab manager, Taylor supervised five employees, none of whom worked full-time. In 1998, the hospital

incurred severe financial losses, and the chief executive officer asked each department head to recommend jobs that could be eliminated. The head of Taylor's department recommended the elimination of Taylor's position, and soon after, the hospital terminated Taylor and about forty-five other employees in a reduction-in-force. Taylor was 51-years-old at the time of her termination.

Taylor then brought this claim of age discrimination. See 29 U.S.C. §§ 621-34 (Age Discrimination in Employment Act (ADEA)). The district court[1] granted the hospital's motion for summary judgment and dismissed the claim. Taylor appeals, and we affirm.

To survive summary judgment on an age discrimination claim made in the context of a reduction-in-force, Taylor must establish a prima facie case by showing she was over 40-years-old and her performance met the hospital's reasonable expectations when she was terminated. See Spencer v. Stuart Hall Co., 173 F.3d 1124, 1128 (8th Cir. 1999). In addition, she must produce some additional evidence to demonstrate age was a factor in her termination. See id. Once Taylor establishes a prima facie case, the hospital must articulate a legitimate, nondiscriminatory reason for Taylor's termination. See Tuttle v. Missouri Dep't of Agric., 172 F.3d 1025, 1029 (8th Cir. 1999). If the hospital articulates such a reason, Taylor may then attempt to discredit the reason given as merely a pretext for discrimination but the ultimate burden of proving unlawful discrimination remains with her. See Reeves v. Sanderson Plumbing Prod., Inc., 120 S. Ct. 2097, 2106 (2000).

We review the district court's grant of summary judgment de novo. See Doerhoff v. McDonnell Douglas Corp., 171 F.3d 1177, 1179 (8th Cir. 1999). Summary judgment is only appropriate if, after viewing the facts in the light most favorable to

---

[1]The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

Taylor, there is no genuine issue of material fact and the hospital is entitled to judgment as a matter of law.  See id.

Although we doubt Taylor established a prima facie case, we, like the district court, will assume she did.  See Brown v. McDonnell Douglas Corp., 113 F.3d 139, 141 (8th Cir. 1997) (no need to discuss prima facie case if district court assumed it was established).  The hospital articulated a legitimate, nondiscriminatory reason (severe financial losses) for the reduction-in-force.  Thus, we consider whether Taylor presented sufficient evidence of pretext to support her ultimate burden of proving unlawful discrimination.

Taylor's pretext evidence is as follows: (1) her job did not fall within the hospital's objective criteria for determining which positions would be eliminated in the reduction-in-force; (2) her managerial duties were subsumed in a new position that combined supervision of the Cardiac Diagnostic Lab and the Cardiac Catheterization Lab, and she was not considered for this new position; and (3) after her termination, she was not notified of an opening in the Cardiac Diagnostic Lab for an entry-level EKG technician—an opening later filled by a 27-year-old.  Taylor contends this evidence, taken as a whole, is sufficient to demonstrate pretext.[2]

We disagree.  The hospital's objective criteria was to eliminate jobs that would not directly affect patient care (i.e., administrative positions).  Although Taylor was involved in patient care, she also spent about a quarter of her time performing administrative duties.  In addition, the undisputed evidence shows Taylor was not qualified for the new position that combined supervision of the Cardiac Diagnostic Lab and Cardiac Catheterization Lab.  Finally, it was reasonable for the hospital not to

---

[2]Taylor also asserts she has proved pretext because she has presented strong evidence for her prima facie case, citing Kehoe v. Anheuser-Busch, Inc., 995 F.2d 117, 120 (8th Cir. 1993).  We find this argument meritless.

inform Taylor of the entry-level position because it was unlikely she would have applied for it. In fact, Taylor admitted in her deposition she was unsure whether she would have accepted an EKG technician position that paid about half what she had previously made. Thus, we find Taylor's evidence is insufficient to establish pretext.

At oral argument, Taylor's counsel argued for reversal of the district court based on the Supreme Court's recent decision in Reeves. In that case, the Court held that when a terminated employee establishes a prima facie case of age discrimination and presents sufficient evidence to reject the employer's legitimate explanation, the employee need not always introduce additional independent evidence of discrimination to defeat summary judgment. See Reeves, 120 S. Ct. at 2109. But, Reeves only helps Taylor if she has produced sufficient evidence to reject the legitimate explanation. She has not, so Reeves does not mandate reversal.

The district court judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.