**Roy MCGILL Plaintiff**

v.

**REYNOLDS METALS COMPANY**
**Defendant**

**No. CIV. 00–6069.**

United States District Court,
W.D. Arkansas,
Hot Springs Division.

April 18, 2001.

Tylar C.M. Tapp, III, Hurst Law Offices, Hot Springs, for Petitioner.

Kathlyn Graves, Wright, Lindsey & Jenniings LLP, Little Rock, Lisa L. Steele, LeBoeuf, Lamb, Greene & MacRae, Pittsburgh, PA, for Respondent.

## MEMORANDUM OPINION & ORDER

DAWSON, District Judge.

This age discrimination case is before the court for consideration of the Defendant's motion for summary judgment (Doc. # 12). The Plaintiff filed his response (Doc. # 17), and the Defendant filed its reply (Doc. # 21).

### Background

Plaintiff, Roy McGill, filed this action against his former employer, Reynolds Metals Company (Reynolds), under the provisions of the Age Discrimination in Employment Act (ADEA). He contends he was unlawfully denied employment based upon his age and also asserts a supplemental state law claim for breach of contract.

McGill began his employment with Reynolds in 1968 and worked there until the fall of 1969 when he returned to school. (Doc. # 18, p. 1). He was reemployed by Reynolds at its plant in Hot Springs, Arkansas in May of 1978 and worked there until March of 1997. (Doc. # 13, p. 1).

In February of 1996, McGill expressed interest in a position at one of Reynolds subsidiaries, Reynolds International. (Doc. # 18, p. 1). The position was located in Nigeria. During the summer of 1996, McGill was interviewed by Alan Barnes and viewed a video of the project in Nigeria. (Doc. # 18, p. 1). On February 3, 1997, Mr. Barnes offered McGill the position of Casting/Dock Area Maintenance Superintendent. (Doc. # 13, p. 4). Reynolds forwarded McGill a 12–page letter dated February 6, 1997 describing the terms and conditions of McGill's proposed assignment. (Doc. # 13, p. 4). This letter provided in part:

[a]ny items or special arrangements that are not specifically covered herein will not be covered by the Company without prior written approval from the RII Richmond Personnel Department.

(Doc. # 12, Exh. E).

McGill also signed an Employment Agreement which provided:

[i]n consideration of employment of the Employee by the Company, the Company and the Employee agree as follows . . . [e]ither the Employee or the Company may terminate the employment at any time for any reason. No representative of the Company other than the Company's President or Vice President, Personnel has any authority to enter into any agreement for any specified period of time or to make any agreement in any way superseding or modifying this Agreement.

(Doc. # 12, Exh. G).

The Plaintiff reported to work in Nigeria in March 1997, but prior to his depar-

ture, Charles Hufford, the Plant Manager at the Hot Springs plant, informed McGill that the number of salaried positions at the Hot Springs plant would be reduced in the future. (Doc. # 12, Exh. I, Hufford Aff. At ¶ 6). In March of 1999, the Aluminum Smelter Company of Nigeria, Ltd. ("ALSCON") commenced a reduction in forces at its plant. (Doc. # 13, p. 1). Between March and July 15, 1999, approximately 100 of the 120 Reynolds employees at the ALSCON plant were returned to the United States after their positions were eliminated to include McGill. (Doc. # 13, p. 1).

At the time he was told he would be returning to the United States, Reynolds informed McGill that there were no positions available at the Hot Springs plant and that he would receive a severance package. (Doc # 12, Exh. C, McGill Dep. at pgs. 77–78). McGill did not inquire about other job opportunities at that time. (Doc. # 12, Exh. C, McGill Dep. at p. 78). McGill returned to the United States in late March of 1999 and received his salary for April. (Doc. # 12, Exh. C, McGill Dep. at p. 85). Plaintiff received a 5–month severance package which included the continuation of his insurance and healthcare benefits for a 24 month period. (Doc. # 12, Exh. K; Exh. C, McGill.Dep. at pgs. 80–81). McGill retired from Reynolds effective May 1, 1999. (Doc. # 12, Exh. C, McGill Dep. at p. 120).

McGill testified in his deposition that he had no complaints about his employment with Reynolds and was not subjected to age discrimination prior to leaving for Nigeria or while he was there. (Doc. # 12, Exh. C, McGill Dep. at pgs. 67 & 69). McGill also testified that he was unaware of any other Reynolds' employees that were subjected to age discrimination. (Doc. # 12, Exh. C, McGill Dep. at p. 123).

After his return to the United States, McGill contends he was the only employee of Reynolds that was not offered other employment[1] (Doc. # 12, Exh. C, McGill Dep. at p. 91) and that he was not offered employment because of his age. (Doc. # 1, Complaint ¶¶ 15–16). McGill testified that it was his belief that he would have a job with Reynolds upon his return from Nigeria, although not necessarily at its Hot Springs plant. (Doc. # 12, Exh. C, McGill Dep. at p. 38 & 49). Reynolds contends that McGill's termination was pursuant to a *bona fide* reduction in forces and that McGill has produced no evidence that age discrimination was a factor in his termination. (Doc. # 13, p. 1–2).

### Summary Judgment Standard

■ Summary judgment is only appropriate when no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *Callanan v. Runyun*, 75 F.3d 1293, 1296 (8th Cir.1996) (citations omitted). All disputed facts are to be resolved and all inferences drawn in favor of the nonmoving party. *Id.*

The Eighth Circuit Court of Appeals has advised trial courts that summary judgments should be cautiously invoked so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir.1979). It has been noted that this is especially true in discrimination cases because they often turn on inferences rather than direct evidence. Thus, the court has stated: "we are particularly deferential to the non-moving party alleging discrimination." *Webb v. Garelick Manufacturing Co.*, 94 F.3d 484, 486 (8th Cir.1996).

### Discussion

■ The ADEA provides that "[i]t shall be unlawful for an employer ... to discharge any individual or otherwise discriminate against any individual ... because of such individual's age." 29 U.S.C. § 623(a)(1). The act applies to "individuals who are at least 40 years of age." 29 U.S.C. § 631. Liability depends on whether age "actually motivated the employer's decision." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 2105, 147 L.Ed.2d 105 (2000), quoting *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993). That is, the plaintiff's age must have "actually played a role in [the employer's decision-making] process and had a determinative influence on the outcome." *Id.*

■ A plaintiff may establish age discrimination by direct or indirect evidence. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Fast v. Southern Union Co., Inc.*, 149 F.3d 885, 889 (8th Cir.1998); *Hase v. Missouri Div. of Employment Sec.*, 972 F.2d 893 (8th Cir.1992) (The *McDonnell Douglas* framework applies to ADEA cases.). When relying on indirect evidence, a plaintiff uses the burden-shifting framework identified in *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *Price v. S–B Power Tool*, 75 F.3d 362, 364–65 (8th Cir.1996), *cert. denied*, 519 U.S. 910, 117 S.Ct. 274, 136 L.Ed.2d 197 (1996).

■ To establish a prima facie case of age discrimination in a reduction in forces context, the plaintiff must show: (1) he is age forty or over; (2) that he met applica-

---

1. Another employee was not offered employment, however, that employee indicated that he was not interested in the job for which they considered him. (Deposition of Dick Reedy, P. 35).

ble job qualifications; (3) that he was terminated; and (4) produce some additional showing indicating that age was a factor in his termination. *Doerhoff v. McDonnell Douglas Corp.*, 171 F.3d 1177, 1180 (8th Cir.1999) citing *Cramer v. McDonnell Douglas Corp.*, 120 F.3d 874, 876 (8th Cir. 1997). Additionally, the plaintiff must demonstrate that the discharge occurred in " 'circumstances which allow the court to infer unlawful discrimination.' " *Davenport v. Riverview Gardens School Dist.*, 30 F.3d 940, 944 (8th Cir.1994) (*quoting Craik v. Minnesota State Univ. Bd.*, 731 F.2d 465, 469 (8th Cir.1984)). *See also Williams v. Ford Motor Co.*, 14 F.3d 1305, 1308 (8th Cir.1994).

> [The] presentation of a prima facie case creates a legal presumption of unlawful discrimination. This presumption places an obligation upon the employer to produce evidence of a legitimate, nondiscriminatory reason for the plaintiff's discharge. If the employer carries this burden the *legal* presumption of unlawful discrimination "drops out of the picture."

*Ryther v. KARE 11*, 108 F.3d 832, 836 (8th Cir.1997), *cert. denied*, 521 U.S. 1119, 117 S.Ct. 2510, 138 L.Ed.2d 1013 (1997) (*quoting St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 507–12, 113 S.Ct. 2742, 2747–50, 125 L.Ed.2d 407 (1993)).

■ The court went on to say:

> [i]n sum, when the employer produces a nondiscriminatory reason for its actions, the prima facie case no longer creates a legal presumption of unlawful discrimination. The *elements* of the prima facie case remain, however, and if they are accompanied by evidence of pretext and disbelief of the defendant's proffered explanation, they may permit the jury to find for the plaintiff. This is not to say

that, for the plaintiff to succeed, simply proving pretext is necessarily enough. We emphasize that evidence of pretext will not by itself be enough to make a submissible case if it is, standing alone, inconsistent with a reasonable inference of age discrimination. Furthermore, as the *Hicks* Court explained, the plaintiff must still persuade the jury, from all the facts and circumstances, that the employment decision was based upon intentional discrimination.

*Ryther*, 108 F.3d at 837–38. "An inference of discrimination may be raised by evidence that a plaintiff was replaced by or treated less favorably than similarly situated employees who are not in the plaintiff's protected class." *Price*, 75 F.3d at 365.

■ As noted above, "[t]he employee at all times retains the burden of persuading the trier of fact that he has been the victim of illegal discrimination due to his [age]." *Benson v. Northwest Airlines, Inc.*, 62 F.3d 1108, 1112 (8th Cir.1995). Or in other words, the employee has the ultimate burden of proving that his age *actually motivated* the employer in taking the adverse employment action. *Rothmeier v. Investment Advisers, Inc.*, 85 F.3d 1328, 1337 (8th Cir.1996).

■ Reynolds argues first that McGill cannot establish a prima facie case of age discrimination, because his discharge was the result of a *bona fide* reduction in forces, and he has offered no evidence which suggests that age discrimination played a factor in the decision to eliminate his position. In this regard, McGill contends he has sufficiently set out a prima facie case of age discrimination under the indirect *McDonnell Douglas* method of proof. He points out that he is in the protected age category, was qualified for

the job as reflected within the affidavit of Hira Kaul, and was terminated. However, McGill does not provide additional evidence indicating that age was a factor in his termination.

■ McGill states there were jobs available, and everyone else who was returned to the United States was placed in jobs with the Defendant except for him. (Doc. # 18, p. 5). "One common way to raise an inference is to prove disparate treatment 'by showing that [plaintiff] was treated less favorably than similarly situated employees who are not in plaintiff's protected class."' *Wallin v. Minnesota Department of Corrections*, 153 F.3d 681, 687 (8th Cir.1998) (citation omitted). However, at least some of the employees brought back to the United States along with McGill were also in the protected age group. McGill stated that the three men who were brought back at the same time as him were all in their early to mid–50s. (McGill Dep., p. 105). This alone cuts against his argument that age was a factor in his termination. No inference of age discrimination can be drawn where the employees that McGill claims were treated more favorably were not only in the protected class themselves, but also were reasonably close in age to McGill. *See Barber v. American Airlines, Inc.*, 791 F.2d 658 (8th Cir.1986). McGill offers no evidence that he was treated less favorably than similarly situated employees who were not in his protected class.

Reynolds argues that even if McGill has established a prima facie case of age discrimination, Reynolds has articulated a legitimate, nondiscriminatory reason for its actions, and he fails to establish that Reynolds' reduction in forces was a mere pretext for discrimination. Despite having doubts that McGill has presented a prima

facie case, we will nevertheless presume he has for purposes of this motion. Thus, McGill gets the benefit of the inference of discrimination that arises under the burden shifting framework.

In *Furnco Construction Corp. v. Waters*, 438 U.S. 567, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978) the Supreme Court said:

> A prima facie case under *McDonnell Douglas* raises an inference of discrimination only because we presume these acts, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors. And we are willing to presume this largely because we know from our experience that more often than not people do not act in a totally arbitrary manner, without any underlying reasons, especially in a business setting. Thus, when all legitimate reasons for [firing an employee within the protected age group] have been eliminated as possible reasons for the employer's actions, it is more likely than not the employer, who we generally assume acts only with *some* reason, based his decision on an impermissible consideration.

*Id.* at 577, 98 S.Ct. 2943.

Reynolds has articulated a legitimate, non-discriminatory reason, the reduction in forces, for McGill's termination. Therefore, the burden shifts back to McGill to show that the reason provided was merely a pretext for age discrimination.

■ In an attempt to establish pretext, McGill asserts only that Reynolds found other employment for the other employees whose positions were eliminated in the reduction in forces, but failed to afford him the same treatment. Evidence of Reynolds' failure to transfer McGill may be used to establish that the reduction in

forces was merely a pretext. *Doerhoff*, 171 F.3d at 1180–81 (8th Cir.1999). However, as previously stated, McGill testified that at least some of these other employees were within the protected age group and were reasonably close in age to McGill. Furthermore, a claim that an employer refused to provide equal assistance in finding a transfer for a protected employee requires a showing that there was an available position for which the plaintiff was qualified. *Sauzek v. Exxon Coal U.S.A., Inc.*, 202 F.3d 913, 919 (7th Cir. 2000).

McGill also asserts that there were other jobs available at the time he was returned to the United States. (Doc. # 18, p. 5). An employee must have been qualified for and applied for specific jobs that were available during the reduction in forces. *Taylor v. Canteen Corp.*, 69 F.3d 773, 780 (7th Cir.1995). McGill has offered no evidence of what these jobs were, whether he applied for them, whether he was qualified for them, or whether they were filled by someone who was more or less qualified than he was. Further, McGill failed to inquire about other employment opportunities at the time he was returned to the United States. Overall, the evidence does not establish that age discrimination was a factor in Reynolds failure to rehire McGill. Rather the evidence suggests that there were no jobs available due to downsizing or that McGill was not diligent enough in his efforts to procure reemployment with the company. *See Reynolds v. Land O'Lakes, Inc.*, 112 F.3d 358, 364 (1997).

Based on the foregoing, we do not believe the plaintiff has met his burden of proof. Even if McGill has presented a prima facie case of age discrimination, he has failed to establish that Reynolds' reduction in forces was a mere pretext for discrimination. He has simply failed to supply evidence from which a reasonable trier of fact could find that intentional age discrimination existed. *Hutson v. McDonnell Douglas Corp.*, 63 F.3d 771, 777 (8th Cir.1995). We conclude that no genuine issues of material fact exist with respect to McGill's disparate treatment age discrimination claim.

### State Law Claims

Reynolds also moves for summary judgment on McGill's state law claim. Having granted the summary judgment motion on the federal law claims, we will decline to retain jurisdiction on the state law claim. 28 U.S.C. § 1367(c)(3).

### Order

For the reasons stated, Reynolds' motion for summary judgment should be and hereby is GRANTED.

IT IS SO ORDERED.