# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1219

_____

Andy Keating,          *
         *
         Appellant,        *
         *    Appeal from the United States
         v.              *    District Court for the
         *    Eastern District of Arkansas.
Harsco Corporation, also known as    *
Heckett Slag Products, also known as   *       [UNPUBLISHED]
Heckett Multiserve,            *
         *
         Appellee.         *

_____

Submitted: September 15, 2004
Filed: September 20, 2004

_____

Before WOLLMAN, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Andy Keating appeals the district court's[1] adverse grant of summary judgment in his Age Discrimination in Employment Act (ADEA) lawsuit. Keating sued Harsco Corporation (Harsco) after he was terminated at age 53 as part of a reduction in force (RIF). Having carefully reviewed the record, we affirm. See Evers v. Alliant Techsystems, Inc., 241 F.3d 948, 953 (8th Cir. 2001) (standard of review; elements

---

[1]The Honorable Susan Webber Wright, Chief Judge, United States District Court for the Eastern District of Arkansas.

of disparate-impact claim); <u>Doerhoff v. McDonnell Douglas Corp.</u>, 171 F.3d 1177, 1180 (8th Cir. 1999) (elements of age-discrimination case in RIF context).

We conclude that Keating failed to satisfy the fourth element of an age-discrimination RIF case, because he did not produce some added evidence showing that age was a factor in his termination. We agree with the district court that the supervisors' consideration of employee versatility was not inconsistent with Harsco's RIF policy, and even if the emphasis on versatility was a violation of policy, Keating's evidence did not link any such violation to age discrimination. <u>Cf.</u> <u>EEOC v. Tex. Instruments Inc.</u>, 100 F.3d 1173, 1182-83 (5th Cir. 1996) (conscious departure from company's seniority-protection policy for RIF did not create inference of age discrimination where there was no clear nexus to discrimination). Further, erroneous assessments of Keating's versatility or of his capabilities in general do not show that the decision to terminate him as part of the RIF was age-based. <u>See</u> <u>Evers</u>, 241 F.3d at 957 (it is not unlawful for company to make personnel decisions based on erroneous evaluations); <u>Brown v. McDonnell Douglas Corp.</u>, 113 F.3d 139, 142 (8th Cir. 1997) (in RIF context, record of positive performance reviews is generally not persuasive evidence of age bias as even capable employees are released during downsizing).

As to disparate impact, Keating presented nothing below (nor does he now) showing that the four day-crew employees who were terminated as part of the RIF should be considered separately from the other seven employees terminated during the RIF. <u>Cf.</u> <u>Evers</u>, 241 F.3d at 958 (to defeat summary judgment, plaintiff must present affirmative evidence rather than simply contend jury might disbelieve defendants' evidence); <u>EEOC v. McDonnell Douglas Corp.</u>, 191 F.3d 948, 950-51 (8th Cir. 1999) (declining to consider disparate-impact claim on behalf of subgroup of persons age 55 or older; if such claim were cognizable, plaintiff could bring it even when statistical evidence indicated RIF criteria had favorable impact upon entire protected group of employees age 40 and older). Harsco's unrebutted statistical

information supported the district court's conclusion that there was no jury question on whether the RIF had caused Keating to be terminated based on his age. See id. at 952 (important statistic to consider in RIF context is difference between percentage of older employees in work force before and after RIF).

Finally, even assuming a younger and less senior employee assumed most of Keating's duties after the RIF, this is not enough to defeat summary judgment where there was no other evidence showing age was a factor in the RIF termination decisions. Cf. Fast v. S. Union Co., 149 F.3d 885, 892 (8th Cir. 1998) (hiring of 33-year-old to assume many of same job duties as plaintiff was not alone sufficient for prima facie case in RIF context). Keating's remaining arguments provide no basis for reversal. See Hitt v. Harsco Corp., 356 F.3d 920, 923 (8th Cir. 2004) (only disputes over facts possibly affecting outcome of suit under governing law will properly preclude entry of summary judgment).

The judgment is affirmed.

_____