United States Court of Appeals

FOR THE EIGHTH CIRCUIT

_____

No. 96-2654

_____

Ronald H. Hanebrink,                    *
                                        *
      Appellant,                        *
                                        *   Appeal from the United States
         v.        *                    District Court for the Eastern
                                        *   District of Missouri.
Brown Shoe Company,                     *
                                        *
      Appellee. *


_____

Submitted: February 13, 1997

Filed: April 14, 1997

_____

Before HANSEN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and MELLOY,[1]
      District Judge.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

      Ronald Hanebrink, the plaintiff in an age discrimination lawsuit,
appeals the district court's[2] grant of summary judgment to the defendants.
We affirm.

                                   I.

      In 1955, Mr. Hanebrink began a long career with Brown Shoe Company
("Brown").  Although Mr. Hanebrink started as a mail clerk,

_____

      [1]The Honorable Michael J. Melloy, Chief Judge, United States
District Court for the Northern District of Iowa, sitting by
designation.

      [2]The Honorable George F. Gunn, Jr., United States District
Judge for the Eastern District of Missouri.

he later transferred to the purchasing department and ultimately became a buyer. As a buyer, Mr. Hanebrink purchased shoe parts, factory supplies, machinery, and equipment, and he also leased office equipment. Mr. Hanebrink was discharged from Brown in 1994, as part of a large-scale reduction in force ("RIF") stemming from a reorganization designed to keep Brown competitive in the shoe industry. As part of that reorganization plan, Brown's parent company eliminated 12,000 jobs (9,000 of which came from Brown) and closed five of Brown's ten domestic shoe factories. In Mr. Hanebrink's department, three of the eleven buyers were discharged, including Mr. Hanebrink. Some of his duties disappeared, and the rest were redistributed among five of the remaining buyers, all of whom were younger than he. Of the eight buyers who retained their jobs, two were older than Mr. Hanebrink, and two had higher salaries.

Unhappy with the discharge, Mr. Hanebrink sued Brown for age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, and the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. §§ 213.010-213.095. The district court granted Brown's motion for summary judgment, holding that Mr. Hanebrink had failed to establish a prima facie case of age discrimination and, alternatively, that he had failed to proffer any evidence tending to demonstrate that Brown's legitimate, nondiscriminatory reason for discharging him was pretextual. Mr. Hanebrink appeals.

II.

To establish a prima facie case of age discrimination under the ADEA and the MHRA, a plaintiff dismissed during a RIF must (1) establish that he or she was at least 40 years old at the time of his or her termination, that he or she satisfied the relevant

job qualifications, and that he or she was discharged; and (2) produce additional evidence that age was a factor in his or her termination. Nitschke v. McDonnell Douglas Corp., 68 F.3d 249, 251 (8th Cir. 1995); Holley v. Sanyo Manufacturing, Inc., 771 F.2d 1161, 1165-66 (8th Cir. 1985). A plaintiff may meet the last requirement by presenting either statistical evidence (such as a pattern of forced early retirement or failure to promote older employees) or "circumstantial" evidence (such as comments and practices that suggest a preference for younger employees). Holley, 771 F.2d at 1166. We hold that because Mr. Hanebrink did not present sufficient additional evidence tending to demonstrate that age was a motivating factor in his discharge, he did not meet his burden of establishing a prima facie case of age discrimination.

Mr. Hanebrink first asserts that the fact that Brown redistributed his remaining duties to younger employees shows that age was a factor in his termination. The fact that younger employees assumed some of Mr. Hanebrink's duties is insufficient by itself, however, to establish a prima facie case of age discrimination, Bialas v. Greyhound Lines, Inc., 59 F.3d 759, 763 (8th Cir. 1995); Holley, 771 F.2d at 1165, and Mr. Hanebrink himself testified that no one at Brown said anything that would lead him to believe he was selected for discharge because of his age. Compare Johnson v. Minnesota Historical Society, 931 F.2d 1239, 1244 (8th Cir. 1991).

Mr. Hanebrink further argues that because he trained some of the younger employees and could have assumed their duties, he was more qualified than the younger employees retained by Brown, and that this fact raises an inference that age was a motivating factor in his discharge. Mr. Hanebrink has failed, however, to produce

any evidence of the younger buyers' qualifications other than the fact that he trained them and that some of their duties were similar to his.  This court, moreover, may not second-guess an employer's personnel decisions, and we emphasize that employers are free to make their own business decisions, even inefficient ones, so long as they do not discriminate unlawfully.  See Aucutt v. Six Flags Over Mid-America, Inc., 85 F.3d 1311, 1317 (8th Cir. 1996).

Mr. Hanebrink next contends that statistical evidence regarding the ages of the employees eligible for termination raises an inference that age motivated his discharge.  He states that he was more than seven years older than the average age of the buyers in his area before the layoff, that all three buyers who were discharged were in the protected age group, and that after the layoff, the average age of the buyers in the group decreased.  As the district court succinctly noted, this contention lacks merit for several reasons.  First, nine of the eleven buyers eligible for termination were within the protected age group.  Second, Brown retained the two buyers who were older than Mr. Hanebrink.  Third, after the layoff, the average age of the group's buyers declined by merely half a year, from 48.65 to 48.1.  The district court correctly concluded that these facts are not of a sufficient "kind and degree" to raise an inference that age was a motivating factor in Mr. Hanebrink's discharge.  See Goetz v. Farm Credit Services, 927 F.2d 398, 405 (8th Cir. 1991).

Mr. Hanebrink last asserts that the combination of his higher salary, potentially higher retirement benefits, and potentially more expensive health benefits raises an inference of age discrimination.  Employment decisions motivated by characteristics other than age (such as salary and pension benefits), even when such characteristics correlate with age, do not constitute age

discrimination.  <u>Hazen Paper Co. v. Biggins</u>, 507 U.S. 604, 611 (1993); <u>Bialas</u>, 59 F.3d at 763.  Mr. Hanebrink has produced no evidence tending to demonstrate that his salary, retirement benefits, or health benefits were used as proxies for age, and he has testified that nobody at Brown said anything that suggested that these characteristics played a role in his discharge.  Indeed, he admitted that he was merely speculating that they had.  We note, moreover, that the two buyers with salaries higher than Mr. Hanebrink's were retained, as were the two buyers who were older than Mr. Hanebrink and therefore presumably had more expensive health benefits.

III.

Because we hold that Mr. Hanebrink failed to establish a <u>prima</u> <u>facie</u> case of age discrimination, we need not address the issue of pretext.  For the foregoing reasons, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.