_____

No. 96-3442
_____

Daymon E. Brown,                          *
                                          *
          Appellant,                      *
                                                              *
Appeal from the United States
     v.                          *    District Court for the
                                 *    Eastern District of
Missouri.
McDonnell Douglas Corporation,            *
a Maryland corporation,                        *
                                                         *
          Appellee.                            *


_____

                    Submitted:  April 14, 1997

                    Filed:      May 9, 1997
                    _____

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and BEAM,
     Circuit Judge.
                    _____


HENLEY, Senior Circuit Judge.

In this age-discrimination action Daymon E. Brown appeals from a judgment of the district court[1] granting summary judgment in favor of McDonnell Douglas Corporation (MDC).  We affirm.

Brown worked for MDC from 1962 until December 1992, when he was discharged at age 53 as part of a reduction in force (RIF).  In March 1992, Brown, who was working as a production engineer, was given a lay-off notice and began interviewing for other positions in the company.  Later that month, Ronald Ruethain, a group manager in business operations, interviewed Brown for a position as a senior programs analyst.  Ruethain told Brown that because of his high salary his chances of getting a raise or a promotion were "slim to none."  Brown replied that he "could live with that."  Ruethain offered him the position.  Brown accepted and began working in Ruethain's department in April 1992.  At the time of his transfer, Brown was the highest paid employee in his work group.  In his deposition, Brown stated that because he knew it was unlikely that he would get a raise or promotion, "to achieve some goals to me was kind of negative, when you knew it wasn't going to come to anything except to achieve a goal.  It was never going to have a payoff."

Pursuant to a mid-year evaluation in July 1992, Ruethain rated Brown as requiring improvement or needing corrective action on eleven of twelve factors.  In addition, Ruethain noted that Brown had been observed reading magazines, sleeping at a meeting, and leaving work early.  Ruethain believed that Brown lacked motivation and was "coasting, doing the absolute minimum required to get by."  According to Brown in discussing the evaluation, Ruethain "read [Brown] the riot act" and stated: "I could have hired a young college graduate and paid [] half of what I'm paying you to do that kind of work."  Brown replied: "Well my salary has nothing to do with this kind of work.  I earned the salary over thirty years at different kind of work at a

---

[1]The Honorable George  F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

different company."

In August 1992, Ken Gumper, manager of business operations, informed Ruethain that there would be a RIF and instructed him to evaluate his employees according to a relative assessment process based on the employee's technical capability, skills applications, personal commitment, and team building. Of the 144 employees Ruethain evaluated, Brown received the lowest score, a score of 19. Gumper received the scores and along with the company's RIF guidelines, the employee's most recent documented performance evaluation and five-year merit increase history, compiled a ranking. Brown was ranked the lowest and he and six other employees were selected for discharge.

Brown filed suit alleging age discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634, and the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. §§ 213.010-213.095.[2] The district court granted MDC's motion for summary judgment. The court assumed that Brown had established a prima facie case of age discrimination, but that MDC proffered a nondiscriminatory, legitimate reason for the discharge -- the RIF and Brown's low assessment score -- and Brown failed to offer any evidence to show that the reason was a pretext for discrimination.

In order to establish a prima facie case in the context of a RIF, a plaintiff "must show that: (1) he or she was at least 40 years old at the time of discharge; (2) he or she satisfied the applicable job qualifications; (3) he or she was discharged; and (4) 'provide some additional showing that age was a factor in the termination.'" Aucutt v. Six Flags Over Mid-America, Inc., 85 F.3d 1311, 1316 (8th Cir. 1996) (quoting Nitschke v. McDonnell Douglas Corp., 68 F.3d 249, 251 (8th Cir. 1995)). Although

_____

[2]"Courts employ the same analysis under both the ADEA and the MHRA." Kehoe v. Anheuser-Busch, Inc., 96 F.3d 1095, 1101 n.8 (8th Cir. 1996).

we are inclined to agree with MDC that Brown did not establish a prima facie case, like the district court, we will assume that he did.  Also like the district court, we agree with MDC that Brown did not present evidence to show that MDC's proffered reason for the discharge was a  pretext for discrimination.

Initially we note that Brown spends much of his brief disputing Ruethain's performance evaluation.  For example, Brown asserts that he never slept through a meeting and explains that he left early when he had nothing to do or had come in early and only read magazines that his old department had forwarded to him.  We remind Brown that we do not "weigh the wisdom of any particular employment decision." Ruby v. Springfield R-12 Pub. Sch. Dist, 76 F.3d 909, 912 n.7 (8th Cir. 1996).   "The employment discrimination laws have not vested in the federal courts the authority to sit as super-personnel departments reviewing the wisdom or the fairness of the business judgments made by employers, except to the extent that those judgments involve intentional discrimination." Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 781 (8th Cir. 1995).  Contrary to Brown's suggestion, the fact that in previous positions he had received positive evaluations is not evidence that Ruethain was motivated by an age-based animus.  In Hutson, we explained that in a RIF a record of  positive performance reviews is generally unpersuasive evidence of age bias because "even capable employees are released when an employer is down-sizing." Id. at 779. Although there may be some circumstances "where evidence of [] competence nonetheless supports a finding of pretext because it casts doubt on [a] low assessment score," id. at 780, this is not such a case.  We agree with MDC that evidence that Brown had performed satisfactorily in past positions does not cast doubt on Ruethain's evaluation that Brown was performing poorly due to a lack of motivation.  Indeed,  Ruethain's belief that Brown was "just coasting" is supported by Brown's deposition testimony that "to achieve some goals . . . was kind of negative, when you know it . . . was never going to have a payoff."  We note that "there is nothing inherently discriminatory in an employer choosing to rely on recent performance more heavily than past performance in deciding which employees to terminate during a RIF."  Id. at

-4-

779.  In addition, we note that Ruethain testified that at the time of evaluation he did not know of the impending RIF and Brown has presented no evidence to create an issue of fact regarding Ruethain's knowledge.

We also reject Brown's assertion that Ruethain's alleged statement that he "could have hired a young college graduate" at half of Brown's salary was direct evidence of  age bias.  In context, it is clear that Ruethain was concerned with Brown's performance as compared to his high salary, not as compared to his age.  Even Brown understood Ruethain's comment to refer to his high salary.  In response to the comment, Brown replied that he had earned the salary over thirty years time.  See Bialas v. Greyhound Lines, Inc., 59 F.3d 759, 763 (8th Cir. 1995) (in context statement that people over 45 had difficulty adjusting to change was not evidence of age discrimination, but was expression of concern that managers had resisted company's efforts to reorganize).  It is well settled that "[e]mployment decisions motivated by characteristics other than age (such as salary and pension benefits), even when such characteristics correlate with age, do not constitute age discrimination."  Hanebrink v. Brown Shoe Co.,1997 WL 174838, at *2 (8th Cir. Apr.14, 1997).  In the circumstances of this case, "[i]t is simply incredible" to believe that Ruethain who had hired Brown at age 53 "suddenly developed an aversion to older people less than [five months] later."  Lowe v. J. B. Hunt Transport, Inc., 963 F.2d 173, 175 (8th Cir. 1992).

In addition, Brown's "statistical evidence is not probative of pretext in that it fails to analyze the treatment of comparable employees."  Hutson, 63 F.3d at 777.  Although Brown notes that of  the ten employees who received an assessment score of 40 or less the two youngest were not terminated while six of the eight oldest were terminated, that evidence is "not of a sufficient 'kind and degree' to raise an inference" of discrimination, especially given that Brown's score was 19 and the two oldest employees -- ages 64 and 57 -- were retained.  Hanebrink, 1997 WL 174838, at *2  (no inference of age discrimination where employer retained two employees who were older than plaintiff).  Moreover, and importantly, because MDC "used performance evaluations to determine

which workers to lay off, . . . [Brown's] statistical analysis ignores the performance evaluations and, therefore, does not prove that [MDC's] explanation was pretextual."  <u>Nitschke</u>, 68 F.3d at 252.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.