# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1934

_____

|  |  |  |
|---|---|---|
| Donald I. McKay, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| U.S. Department of Transportation, | * | |
| | * | |
| Defendant - Appellee, | * | |

_____

Submitted: March 14, 2003

Filed: August 25, 2003

_____

Before HANSEN,[*] Chief Judge, JOHN R. GIBSON and LOKEN, Circuit Judges.

_____

LOKEN, Chief Judge.

After exhausting his administrative remedies, FAA aviation safety inspector Donald I. McKay commenced this action against the U.S. Department of Transportation, alleging that the FAA's Flight Standards District Office (FSDO) in Minneapolis violated the Age Discrimination in Employment Act (ADEA) when it passed him over for promotion on account of his age. See 29 U.S.C. § 633a, which

_____

[*]The Honorable David R. Hansen stepped down as Chief Judge at the close of business on March 31, 2003. The Honorable James B. Loken became Chief Judge on April 1, 2003.

prohibits age discrimination against federal employees. The district court[1] granted summary judgment for the DOT, concluding that McKay failed to establish a prima facie case or sufficient evidence of pretext. Reviewing the grant of summary judgment <u>de novo</u>, we agree McKay presented insufficient evidence of pretext and therefore affirm. <u>See</u> <u>Walton v. McDonnell Douglas Corp.</u>, 167 F.3d 423, 425 (8th Cir. 1999) (standard of review).

Before joining the FAA, McKay was a commercial airline pilot for forty years, logging over ten thousand flight hours in the cockpit of Boeing 747s. In September 1999, he applied to fill a seven-month vacancy in the position of FSDO Training Center Program Manager (TCPM). Training centers are private enterprises approved by the FAA to train commercial airline pilots and flight engineers. <u>See generally</u> 14 C.F.R. pt. 142. According to the FSDO vacancy announcement, the TCPM "serves as the primary operations interface between the training center, its training center evaluators (TCEs), ground/flight instructors, and the [FAA]." The announcement stated that applicants must possess advanced pilot experience, inspectional program experience, and one year of experience as an aviation safety inspector.

Three FSDO aviation safety inspectors applied for the TCPM position -- McKay, forty-nine-year-old Janice Orr, and thirty-nine-year-old David Gerken. Pamela Morong, a Program Analyst at the Flight Standards Regional Office in Chicago, determined that all three possessed the necessary qualifications. Unit supervisor Craig Seppala and three other FSDO supervisors then interviewed the three applicants, asking each the same questions. An FAA Equal Opportunity Office counselor observed the interviews. Janice Orr received the promotion on October 29, 1999. McKay then filed an administrative age discrimination complaint, prompting an internal DOT investigation that resulted in a Report of Investigation by the DOT

---

[1]The HONORABLE ANN D. MONTGOMERY, United States District Judge for the District of Minnesota.

Office of Civil Rights. See 29 C.F.R. § 1614.108. Rather than await final agency action on his complaint, McKay filed this action in December 2000, alleging intentional age discrimination by FSDO Office Manager Kathleen Thomson in promoting the younger Ms. Orr. McKay's administrative remedies are deemed exhausted by the lengthy administrative process. See 29 C.F.R. § 1614.201(c)(1).

The government moved for summary judgment, submitting affidavits by Seppala and the other interview panel members. All four averred that the panel unanimously found Orr most qualified, and that Seppala made the decision to promote Orr to the TCPM position. Seppala averred that he chose Orr because "[h]er communication skills and responses to the questions during the interview were better than the other applicants." He did not make the decision final until the EEO counselor who attended the interviews advised that he "did not see any [EEO] issues." Seppala further stated that, after the interviews, he ranked McKay third among the three candidates because: "During the interview process he gave very short answers to the questions. He did not volunteer any additional information, nor did he openly communicate to any members of the panel during the interview."

McKay's response to the motion for summary judgment included a lengthy affidavit in which he summarized the basis for his age discrimination claim:

> During a career spanning 45 years I had flown over 21,000 hours on 17 different large aircraft throughout the entire world with the U. S. Navy, Pan American, United Airlines, 2 foreign airlines, a regional carrier and an all-cargo international airline. In addition to flying regular line trips I was also a training and check airman. I designed and conducted several specialized training programs and as an instructor trained over one hundred pilots and flight engineers on the B-747. In carrying out these duties I operated simulators at 4 different sites in the U.S. and 2 in Europe. . . . [T]he TCPM position was awarded to Jan Orr, a General Aviation (Small Planes) Inspector with no air carrier line experience, no large aircraft experience, no airline simulator experience, no air carrier

Pilot in Command experience, no air carrier training program experience: she was not qualified for the position in any but the most marginal sense . . . . Her only qualifications were she was a female, 20 years younger than I and Kathleen Thomson wanted her to be TCPM, qualified or not. To make this happen Thomson prevented the opening of the vacancy bid for over 6 months while Orr finished 1 year of working in the air carrier group. . . . [Thomson] has publicly stated that she does not want any "experienced" persons in "her" office! This type of remark . . . shows that she neither knows nor cares about the primary mission of the FAA: AVIATION SAFETY.

 . . . The interview process was a complete sham: not one air carrier or training specific question was asked by Thomson's "poodles," her supervisors. . . . [N]o serious questions were asked due to the fact that . . . I would probably do very well on specific questions, appropriate to the position and Jan Orr would not do well at all. . . . During my 4 years at the FAA I have suffered 13 denials for promotion even though in most cases no one in the entire FAA was better qualified. In almost all of the cases the awardees were much younger than me and not one of these even came close to having my technical and professional qualifications.

In addition, McKay submitted the deposition of former co-worker Tara Reel-Silvis, a computer technician who recalled being in Thomson's office in the spring of 1998 and hearing Thomson say that "retired airline pilots were sitting on $300,000 pensions and do not really need their jobs as inspectors," that retired pilots "just work here to get away from wives," that supervisors like Fred Jenner (the supervisor who hired McKay) "are impressed by a long line of credentials," and that "from now on she [Thomson] would do all the hiring as a result of her dissatisfaction with the recent bunch of retired from industry inspectors." Finally, McKay submitted evidence that, after he left the Minneapolis FSDO in October 2001, the next TCPM vacancy announcement was posted within ten days.

The district court granted summary judgment for the DOT on two alternative grounds. First, the court ruled that McKay did not establish a prima facie case because (i) Orr, the selected candidate, was over age forty and therefore a member of the ADEA protected class, and (ii) not being selected for a higher position is not an adverse employment action. We disagree. As to Orr's age, "the fact that a replacement is significantly younger than the plaintiff" satisfies this aspect of the prima facie case. O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 313 (1996). Orr was fifteen years younger than McKay. As to the adverse employment action element of the prima facie case, a myriad of cases have recognized that a failure to promote, like a failure to hire, is an adverse employment action for purposes of Title VII or the ADEA. See, e.g., Chandler v. Roudebush, 425 U.S. 840 (1976); Lyoch v. Anheuser-Busch Cos., 139 F.3d 612 (8th Cir. 1998). The case relied on by the district court, Harlston v. McDonnell Douglas Corp., 37 F.3d 379, 382 (8th Cir. 1994), is not to the contrary.

Alternatively, the district court concluded that the FAA proffered a legitimate, nondiscriminatory reason for promoting Orr rather than McKay -- her strong interview, her recent experience, and her applicable skills -- and McKay failed to come forward with sufficient evidence of pretext. "Thomson's comments cited by Silvis are insufficient to establish an age based animus regarding Orr's hiring," the court explained, because the comments "had nothing to do whatsoever with McKay" and "Thomson was not the selecting official for the TCPM position" nor even a member of the interviewing panel.

On appeal, McKay first argues that Thomson's statements as recounted by Silvis are direct evidence of intentional age discrimination, not merely "stray remarks in the workplace, statements by nondecisionmakers, or statements by decisionmakers unrelated to the decisional process." Walton, 167 F.3d at 426, quoting Price Waterhouse v. Hopkins, 490 U.S. 228, 277 (1989) (O'Connor, J., concurring). If McKay in responding to the motion for summary judgment had submitted evidence

beyond his own speculation that Thomson was the decisionmaker, we would agree that summary judgment was improper on this issue. A fair interpretation of Thomson's remarks as related by Silvis is that Thomson vowed to take over the hiring process at FSDO and stop the hiring and promotion of retired commercial airline pilots. Whatever the merits of her bias, Thomson was threatening to engage in intentional, systematic discrimination against a group of older workers. Though the remarks were made over a year before the TCPM promotion decision, sufficient evidence that Thomson had carried out her threat would, in our view, warrant a trial of McKay's ADEA claim. But on the summary judgment record, *as presented* to the district court and on appeal,[2] we agree there is insufficient evidence that Thomson

_____

[2] The Appellant's Appendix includes the October 2000 Report of Investigation by the agency's EEO investigator. The Report summarizes interviews with no less than ten present and former employees of FSDO, more directly involved with aviation safety inspector functions than Ms. Silvis, who supported McKay's assertion that Thomson was the ultimate decisionmaker and that she has practiced systematic age discrimination in a series of safety inspector hiring and promotion decisions. These portions of the Report are double hearsay. See United States v. Ortiz, 125 F.3d 630 (8th Cir. 1997), cert. denied, 522 U.S. 1132 (1998). Thus, the reported statements by these other co-workers are not a form of evidence that may be considered under FED. R. CIV. P. 56(e). McKay did not cure this defect by submitting affidavits by the co-workers confirming what they told the EEO investigator. Indeed, McKay did not even refer to the Report of Investigation in his briefs on appeal. Thus, we may not consider this material.

However, we are disturbed by the FAA's apparent failure to follow up on an internal report stating that numerous present and former employees believe that current management of the Minneapolis FSDO, in hiring the air safety inspectors who supervise the safety practices of commercial airlines and the training of commercial pilots and flight engineers, is intentionally excluding the most qualified group of applicants from these safety-sensitive positions. The agency's defense in this action does not refute or dispel the accusations summarized in the Report. If the accusations are true, the FAA's tolerance of the situation seems inconsistent with its mandate to promote and protect aviation safety. But our task is to decide this age discrimination appeal on the record developed and the arguments presented by the parties.

was a decisionmaker, and therefore her comments to Silvis were no more than "stray remarks in the workplace."

Alternatively, McKay argues that summary judgment was improper because he presented sufficient evidence of pretext to satisfy his burden under the McDonnell Douglas burden-shifting analysis that we apply in cases where the plaintiff seeks to prove age discrimination by indirect evidence. See Bennett v. Watters, 260 F.3d 925, 929-30 (8th Cir. 2001). On this record, we agree with the district court. The affidavits submitted in support of the DOT's motion for summary judgment stated that the interview panel unanimously favored Orr over McKay, and that decisionmaker Seppala selected Orr because of her superior communication skills evidenced in an interview process in which all three applicants were treated equally. Lacking probative evidence that the interview process was a sham or that Thomson was the real decisionmaker, McKay failed to introduce evidence creating a genuine issue whether this nondiscriminatory reason was pretextual. McKay asserts that Thomson unreasonably delayed filling the vacancy for six months to permit Orr to gain needed qualifications. Assuming that is true, we fail to see its relevance in proving pretext. McKay presented no evidence supporting his assertions that Thomson violated FAA practice or procedure in filling the vacancy, stacked the interview panel in Orr's favor, and instructed Seppala to hire Orr.

McKay presented strong evidence that he was qualified for the TCPM position, and that by many relevant criteria he was the best qualified of the three applicants. But Seppala and the other panel members presented unrefuted evidence that they rated other criteria more highly. In considering the pretext issue, "our inquiry is limited to whether the employer gave an honest explanation of its behavior," not whether its action was wise, fair, or correct. Harvey v. Anheuser-Busch, Inc., 38 F.3d 968, 973 (8th Cir. 1994) (quotation omitted). There is no evidence Seppala's

explanation was dishonest or otherwise pretextual.  Accordingly, the judgment of the district court must be affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.