# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-1277

———————

Deborah Stidham,                                      *
                                                     *
          Plaintiff-Appellant,                       *
                                                     *   Appeal from the United States
     v.                                              *   District Court for the Western
                                                     *   District of Missouri.
Minnesota Mining and Manufacturing,                  *
Inc., d/b/a 3M Company,                              *
                                                     *
          Defendant-Appellee.                        *

———————

Submitted: January 14, 2005
    Filed:  February 25, 2005

———————

Before MURPHY, MCMILLIAN, and BYE, Circuit Judges.

———————

BYE, Circuit Judge.

Deborah Stidham appeals the district court's[1] order granting summary judgment to her employer Minnesota Mining and Manufacturing, Inc. (3M), on claims brought pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623, and the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. ch. 213. She contends the district court erred by not allowing her claims of age discrimination

_____

[1]The Honorable William A. Knox, United States Magistrate Judge for the District of Western Missouri, presiding by consent of the parties pursuant to 28 U.S.C. § 636(c).

to proceed to trial and by ruling against her as a matter of law. Because we conclude no reasonable jury could find in her favor, we affirm.

## I

Ms. Stidham worked for 3M in Columbia, Missouri from 1976 to 2001. For most of her years with 3M, she worked in the production department, but in the summer or fall of 2000 she was selected to fill the newly created "Environmental Administrator" position within the plant engineering department. As Environmental Administrator, she was responsible for ensuring compliance with federal and state environmental laws, promoting recycling, and most importantly coordinating the waste refrigerant capturing duties. By all accounts, she satisfactorily performed her job and got along well with the department's other employees.

As Ms. Stidham assumed her position in late 2000 and early 2001 an economic recession plagued the United States. As a result of the corresponding downturn in business, high-level 3M management directed the 3M Columbia management, among other cost saving measures, to identify and eliminate redundant salaried employees. At 3M Columbia, the responsibility for pinpointing the redundant positions fell upon each department manager.

Larry Wall, Ms. Stidham's department manager, identified three redundant positions within the plant engineering department. One of those positions was the Environmental Administrator position held by her at age fifty. The other two positions identified as redundant were held by Paul Blakemore, age fifty, and C.J. Welch, age forty-six. After her position had been eliminated, the duties deemed non-redundant were assumed by Rebecca Hyde, an individual under age forty, and Terry Smith, an individual over age forty. Overall, 3M Columbia eliminated sixteen salaried positions, fifteen of which were held by persons over the protected age of forty.

While 3M eliminated sixteen positions from its salaried staff, 3M offered the employees whose positions were eliminated a rehire at a non-salaried position or a severance package. Ms. Stidham was offered her old job in the production department, where if she would have accepted it, an employee with less seniority would have been displaced. She also declined the severance package, which, in exchange for a release of all claims against 3M, would have consisted of one and one half weeks pay for each year employed. Instead she opted instead to file the present action, which the district court dismissed following an adverse grant of summary judgment.

## II

We are mindful summary judgment should seldom be utilized in employment cases. Smith v. St. Louis Univ., 109 F.3d 1261, 1264 (8th Cir. 1997). However, in viewing the proffered evidence of age discrimination discussed below in the light most favorable to Ms. Stidham, we hold no reasonable jury could find in her favor, thus the district court properly entered judgment for 3M as a matter of law. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'") (citation omitted).

The ADEA forbids an employer from discriminating against an employee at or above the protected age of forty years because of the employee's age. 29 U.S.C. §§ 623(a)(1), 631(a). In cases such as the present, which involve a reduction-in-force rather than a replacement of an older employee with a younger employee, a plaintiff may make a prima facie case of age discrimination by establishing: (1) she is within the protected age group; (2) she met the applicable job qualifications; (3) she suffered an adverse employment action; and (4) there is some additional evidence that age was a factor in the employer's action. Bashara v. Black Hills Corp., 26 F.3d 820, 823 (8th Cir. 1994).

It is undisputed Ms. Stidham can establish the first three elements of her prima facie case. The dispute arises under the fourth element–whether she can show some additional evidence that age was a factor in her demotion. In the absence of direct evidence of age discrimination, she may satisfy her burden "by presenting either statistical evidence (such as a pattern of forced early retirement or failure to promote older employees) or 'circumstantial' evidence (such as comments and practices that suggest a preference for younger employees)." Chambers v. Metro. Prop. & Cas. Ins. Co., 351 F.3d 848, 856 (8th Cir. 2003) (quoting Hanebrink v. Brown Shoe Co., 110 F.3d 644, 646 (8th Cir. 1997)).

We first examine the statistical evidence. Ms. Stidham emphasizes the statistical evidence showing fifteen out of sixteen terminated salaried employees were over age forty. This statistic looks ominous at first glance, but not when you consider the great majority of salaried employees at 3M Columbia were over age forty. As we said in Chambers, "statistical evidence is meaningless without some analysis of the age of the entire workforce . . . before and after the reduction in force." Id. (citing Holley v. Sanyo Mfg. Inc., 771 F.2d 1161, 1167 (8th Cir. 1985)). Before the reduction-in-force, 72% of the salaried employees in her department were over age forty, after the reduction 68% remained over the age of forty. In addition, after the reduction-in-force the average age of employees declined by only half of a year. A 4% decline in the work force over age forty and a half-year decrease in the average age of the work force is not statistically significant. See EEOC v. McDonnell Douglas Corp., 191 F.3d 948, 952 (8th Cir. 1999) (finding that change in percentage of workforce fifty-five and older from 14.7% to 13.6% is insignificant and does not support inference of age discrimination); Hanebrink, 110 F.3d at 647 (finding a half a year decline in the average age of the employee group was insufficient to raise an inference of age discrimination). Moreover, when we look more closely at plant-wide statistics, we find seventy low-seniority workers in the production department (many of whom were presumably under age forty) were also terminated as a result of the

reduction-in-force. Therefore, we conclude the statistical evidence does not provide "additional evidence" of age discrimination.

Lacking statistical evidence, Ms. Stidham must rely on inferences of age discrimination derived from circumstantial evidence. Chambers, 351 F.3d at 856. Her most compelling circumstantial evidence, she believes, is 3M's reliance on a definition of the term redundant that does not match the ordinary meaning of the term. She contends this reliance raises an inference of age discrimination. She explains, if the term "redundant" is given its ordinary meaning, her position is not redundant. According to her, the term "redundant" ordinarily means: "Exceeding what is required or natural. Unnecessarily repetitive." Thus, according to her, a repetitive position is one that involves doing the same tasks which are already being done by some other person. We concede anyone examining the Environmental Administrator position under this definition will most likely conclude her position was not redundant because the position was unique to 3M Columbia.

However, this evidence does not raise an inference of discrimination because, despite Ms. Stidham's wishes, we cannot change the definition of redundant used by 3M to fit her needs. Redundant as the term was used by 3M is clearly a term of art, not meant to encompass the ordinary meaning of the word. In depositions, 3M department managers gave definitions of the term "redundant positions" that were slightly different but similar in all material respects. 3M department managers define "redundant positions" as those positions whose duties could be eliminated or reassigned to others without negatively impacting plant efficiency or customer service. If we examine her position under 3M's definition of redundant, which we must, the Environmental Administrator position easily fits within that definition. The position of Environmental Administrator was relatively new, only a few months old, and one which 3M operated without for most of its long history. In fact, in lean economic times, we are not surprised a corporation would eliminate an environmental position, as such are often seen by corporations as superfluous and not likely to

-5-

improve plant efficiency or customer service.  The decision to cut the sole environmental position may not be environmentally responsible, but our role is not to act as a super-personnel department second-guessing business judgments.  Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 781 (8th Cir. 1995).

Ms. Stidham claims the fact some of the duties of her position were not eliminated, but reassigned to younger employees provides additional circumstantial evidence of age discrimination.  After her demotion, the important aspects of her position were assumed by Rebecca Hyde, an individual younger than forty years of age, and Terry Smith, an individual over forty years of age but younger than Ms. Stidham.  Once again, her circumstantial evidence does not raise an inference of age discrimination.  In reduction in force cases, it must be expected that some duties will be taken on by other employees.  Chambers, 351 F.3d at 855-58.  Thus, the mere fact that younger persons took on some of her responsibilities is not sufficient evidence of age discrimination. See Hanebrink, 110 F.3d at 646 (finding evidence of a younger person assuming job responsibilities of an older displaced worker by itself was not enough to prove the prima facie case).

Next, Ms. Stidham points to the six positions in the department held by persons younger than forty which were not evaluated for redundancy and further alleges the positions evaluated for redundancy were not based upon any objective criteria.  She contends these alleged facts lead to an inference that 3M either only evaluated positions occupied by older workers for redundancy or intentionally placed older workers in redundant positions.  The inferences she wishes to draw are not supported by the record.  While the six positions held by younger workers may not have been evaluated for redundancy, she provides no evidence any of the six positions were actually redundant within 3M's definition.  The characterization of 3M's decision as subjective is also not supported by the record.  The department managers, including Wall, had a similar understanding of the term "redundant" and applied the definition according to that understanding.  Under 3M's definition of redundant

-6-

positions–positions whose duties could be eliminated or reassigned to others without negatively impacting plant efficiency or customer service–it should not be surprising that Ms. Stidham's position was found to be redundant. As mentioned, the position of Environmental Administrator was a relatively new position, which 3M operated without for most of its long history.

As an aside, the undisputed evidence reveals Wall made the decision to eliminate Ms. Stidham's position. At the same time Wall was making the decision on which positions to eliminate as redundant, Wall gave her a positive performance evaluation. This evidence tends to indicate Wall had no discriminatory animus towards her. Hutson, 63 F.3d at 779 (noting that even capable employees are released when employer is downsizing). In fact, the positive performance evaluation coupled with the fact she was recently promoted from her old production position to the Environmental Administrator position tends to show Wall and 3M had no discriminatory animus towards her. See Lowe v. J.B. Hunt Transport, Inc., 963 F.2d 173, 175 (8th Cir. 1992) ("It is simply incredible, in light of the weakness of plaintiff's evidence otherwise, that the company officials who hired him at age fifty-one had suddenly developed an aversion to older people less than two years later."). The fact seven employees older than Ms. Stidham remained in the department also tends to rebut the accusation age was a reason for the demotion. See Brown v. McDonnell Douglas Corp., 113 F.3d 139, 142 (8th Cir. 1997) (stating evidence that six of the eight oldest employees were discharged did not raise an inference of discrimination given that the two oldest were retained).

Finally, Ms. Stidham claims the fact that she was demoted shortly after her refusal to take a cut in retirement benefits provides evidence of age discrimination. This fact could be damaging to 3M if it were not for the fact 3M did not terminate her. She was not forced to leave 3M, but merely offered a reassignment to the production department, a place she previously worked and which she left only a few

months earlier.  The record is devoid of evidence indicating her retirement benefits would have been affected by this reassignment.

## III

The district court's judgment is affirmed.

_____