# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2256

_____

Harold Ward,                 *
                                    *
         Plaintiff – Appellant,     *
                                    *     Appeal from the United States
   v.                               *     District Court for the Eastern
                                    *     District of Arkansas.
International Paper Company,    *
                                    *
         Defendant – Appellee.     *

_____

Submitted: October 17, 2007
Filed: December 5, 2007

_____

Before LOKEN, Chief Judge, GRUENDER, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Harold D. Ward sued his former employer, International Paper Co. (IP), for age discrimination. The district court[1] granted summary judgment to IP because Ward failed to produce evidence that age was a factor in his termination. Ward appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

In 1986, Ward began working at the Conway, Arkansas facility, when it was owned by another company. After it was sold to Union Camp in 1990, Ward became

_____

[1] The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

quality manager. Under Union Camp, the graphics and box plants were run as one unit, with Ward as its quality manager. Union Camp merged into IP in 1999. IP separated the graphics and box plants, with Ward becoming the quality manager for the graphics plant (IP hired a different quality manager for the box plant). Ward's main duties were working with customer quality issues and implementing the ISO quality program. In 2000, after the separation, the graphics plant suffered a financial loss. Ward's supervisor requested that he implement a new system to improve planning, scheduling, inventory control, and preventive maintenance. The supervisor later acknowledged that Ward's implementation of the new system played a significant role in the plant's financial success the following year. At the end of 2001, he received a "Key Contributor" rating, IP's highest performance rating.

In 2001, IP headquarters announced a reduction-in-force (RIF) program, "Functional FAST," in order to reduce costs. The program was designed to eliminate salaried positions that could be combined with other positions or eliminated altogether. IP announced in June 2002 that it intended to sell the Conway facility. As a result, the Functional FAST program was not fully instituted at Conway. On June 17, 2002, the general manager of the graphics plant announced the anticipated sale of the facility. Ward alleges that the general manager then suggested that he consider retiring. Ward's only response was that he could not afford to retire. This was the only time the general manager mentioned retirement to Ward.

Near the end of 2002, IP decided not to sell the Conway facility, and proceeded to fully implement the Functional FAST program. All salaried management positions were considered for elimination. The plant general manager, a human resources employee, and Ward's direct supervisor were in charge of determining which positions to eliminate. They identified, among others, the quality manager position, noting that other IP plants had eliminated it as well. Ward was informed his position would be eliminated on December 21, 2002. He was 53 at the time. The job of quality manager was also eliminated at the box plant in Conway. The remaining

duties of Ward's position were divided among employees who were both younger and older than he.

In May 2003, IP decided to consolidate the graphics and box plants. On April 1, 2005, IP promoted an employee to quality supervisor for the consolidated facility. Before the promotion, the new supervisor had performed clerical duties at the box plant and process-improvement duties at the graphics plant.

Ward sued IP, claiming that it terminated him because of age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 (ADEA). The district court granted summary judgment for IP because Ward failed to "come forward with evidence showing that the circumstances permit a reasonable inference that age was a factor in his termination."

II.

This court reviews a grant of summary judgment *de novo*. *See **Trammel v. Simmons First Bank of Searcy,*** 345 F.3d 611, 613 (8th Cir. 2003). Viewing the evidence in the light most favorable to the non-moving party, the judgment should be affirmed if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *See **Cherry v. Ritenour School Dist.,*** 361 F.3d 474, 478 (8th Cir. 2004). Summary judgement is appropriate where the plaintiff "fails to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial." *See **Celotex Corp. v. Catrett,*** 477 U.S. 317, 322 (1986).

The ADEA prohibits employers from discriminating against employees, age 40 and over, because of their age. **29 U.S.C. §§ 623(a)(1), 631(a).** If there is no direct evidence of discrimination, the case is considered under the three-phase, burden-shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). *See **Chambers v. Metro. Prop. and Cas. Ins. Co.,*** 351 F.3d 848, 855 (8th Cir. 2003).

Under this framework, the plaintiff must first establish a prima facie case of age discrimination. *See* **Chambers,** 351 F.3d at 855. Next, the burden shifts to the employer to offer a legitimate, nondiscriminatory reason for its conduct. **Id.** If the employer does so, the plaintiff must demonstrate that the reason offered was pretext. **Id.** In cases involving a reduction-in-force (RIF), a plaintiff makes a prima facie case by establishing: (1) he is over 40 years old; (2) he met the applicable job qualifications; (3) he suffered an adverse employment action; and (4) there is some additional evidence that age was a factor in the employers action. *See* **Stidham v. Minnesota Mining and Mfg., Inc.,** 399 F.3d 935, 938 (8th Cir. 2005).

A.

Because there is no direct evidence of age discrimination in this case, the *McDonnell Douglas* framework applies and Ward must make a prima facie case. Ward has established three elements in the RIF context; (1) he was 53, (2) he met job qualifications, and (3) he was terminated.

Ward argues that the fourth element, additional evidence, should not be a requirement for a prima facie case. He contends this court's cases requiring the fourth element were implicitly overruled by *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133 (2000). Ward points to the Supreme Court's statement that "because a prima facie case and sufficient evidence to reject the employer's explanation may permit a finding of liability, the Court of Appeals erred in proceeding from the premise that a Plaintiff must always introduce additional, independent evidence of discrimination." **Reeves,** 530 U.S. at 149.

*Reeves* has no effect on this court's requirement of additional evidence as the fourth factor of a prima facie case in a RIF. *Reeves* was not a RIF case. *Reeves* addresses what evidence the plaintiff must show after making out a prima facie case and discrediting the employer's proffered non-discriminatory explanation. The Supreme Court held that under *McDonnell Douglas*, the plaintiff did not need to

-4-

produce any additional evidence *after making a prima facie case* and discrediting the employer's reason. *Id.* at 146-49 (a jury may find for the plaintiff in this instance, but is not compelled to do so). *Reeves* did not speak, by implication or otherwise, to the requirements of a prima facie case in the RIF context. *See **Stidham,*** 399 F.3d at 938 (using the fourth factor in a RIF case after *Reeves*); ***Chambers,*** 351 F.3d at 855 (same).

Additional evidence is a necessary part of the prima facie case in the RIF context. Under *McDonnell Douglas*, the prima facie case establishes a presumption that in the absence of explanation, requires the conclusion that the employer acted in a discriminatory manner. *See **St. Mary's Honor Ctr. v. Hicks,*** 509 U.S. 502, 507 (1993). Therefore, "the prima facie case requires 'evidence adequate to create an inference that an employment decision was based on a[n] [illegal] discriminatory criterion. . . .'" *See **O'Connor v. Consol. Coin Caterers Corp.,*** 517 U.S. 308, 312 (1996)(emphasis omitted), *quoting **Int'l Bhd. of Teamsters v. United States,*** 431 U.S. 324, 358 (1977). In a non-RIF ADEA case, this requirement may be meet by producing evidence that a substantially younger worker replaced the plaintiff. *See **Morgan v. A.G. Edwards & Sons, Inc.,*** 486 F.3d 1034, 1039 (8th Cir. 2007). In a RIF case, however, the plaintiff's job is eliminated and/or redistributed to other workers. That a younger employee assumed some of plaintiff's duties does not establish a prima facie case because often at least one younger worker receives some of plaintiff's duties. *See **O'Connor,*** 517 U.S. at 311-12 ("As the very name 'prima facie case' suggests, there must be at least a logical connection between each element of the prima facie case and the illegal discrimination for which it establishes a legally mandatory, rebuttable presumption.")(internal citation and quotation marks omitted). "The ADEA does not require that every plaintiff in a protected age group be allowed a trial simply because he was discharged during a reduction-in-force." *See **Holley v. Sanyo Mfg., Inc.,*** 771 F.2d 1161, 1165-66 (8th Cir. 1985).

Ward does not meet the fourth element of a prima facie case. Additional evidence can be statistical or circumstantial. *See **Hanebrick v. Brown Shoe Co.,*** 110

F.3d 644, 646 (8th Cir. 1997). Ward put forth evidence that 71 percent of the positions eliminated in the RIF were held by individuals over the age of 50. Ward did not, however, proffer any evidence of the number of protected employees before and after the RIF. "His statistical evidence is meaningless without some analysis of the age of the entire workforce at [IP] before and after the reduction in force." *See Chambers,* 351 F.3d at 856 (finding no prima facie case for age discrimination in a RIF where plaintiff's evidence was that 13 of the 15 employees terminated were over 40).

Ward counters that a substantially younger employee is now performing his former job. In fact, the younger employee did not take over Ward's job. When Ward's position was eliminated in December 2002, the younger employee worked at the box plant in a clerical position. After the consolidation of the box and graphics plants, the younger employee assumed some new duties at the graphics plant. *Some* of these duties were similar to *some* of Ward's old duties, but the job as a whole was not the same as Ward's.

In April 2005, the younger employee was promoted to quality supervisor for the consolidated Conway facility. This does not create an inference of discrimination. The younger employee did not receive the quality supervisor position until over two years after Ward's position was eliminated. The younger employee's duties as quality supervisor are substantially different from the duties Ward performed because the facility is no longer ISO certified. It is undisputed that at the time of the RIF, Ward's duties that were not eliminated were spread among remaining employees at the graphics facility, both younger and older than he. Ward's position at the graphics plant was also eliminated during the RIF. There is no evidence that IP planned to consolidate the graphics and box plants at the time of the RIF, or that IP planned to give the younger employee Ward's duties. The record does not support the contention that Ward's duties were assigned to this younger employee. The fact that the younger employee was promoted to a similarly titled position two years after the RIF does not create an inference of age discrimination. *See Hanebrink,* 110 F.3d at 646 ("The fact

that younger employees assumed some of [plaintiff's] duties is insufficient by itself, however, to establish a *prima facie* case of age discrimination.").

Ward argues that the younger employee was less qualified for the job. However, "it is not the role of this court to sit as a 'super-personnel department' to second guess the wisdom of a business's personnel decisions." *See Evers v. Alliant Techsystems, Inc.,* 241 F.3d 948, 957 (8th Cir. 2001).

Ward submitted affidavits of three other terminated employees to the district court.[2] Ward asserts these affidavits are additional evidence of discrimination. Two of the affidavits contain inadmissible hearsay. *See* **Fed. R. Civ. P. 56(e)** (affidavits supporting and opposing summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall affirmatively show that the affiant is competent to testify about the matters stated therein"); *McKay v. U. S. Dep't. of Transp.,* 340 F.3d 695, 699 (8th Cir. 2003)(finding summaries of interviews with former employees was double hearsay and not to be considered by the appellate court under Fed. R. Civ. P. 56(e)). Both affiants state that their positions were taken over by younger employees and were not eliminated as IP asserted. Neither affiant has personal knowledge of this, however; one simply "heard" about it and the other "learned" about it. Nothing in the affidavits indicates a hearsay exception applies. These affidavits cannot be considered by this court. *See McKay,* 340 F.3d at 699.

A third affidavit is based on personal knowledge, but does not create an inference that Ward was terminated because of age. The affiant states that her boss told her he was giving her position to a substantially younger employee, and that she quit because she felt she had no future with IP. The affiant, however, worked in the accounting department and her boss was not involved in any decision related to

---

[2] IP moved to strike the affidavits, but the district court did not rule on the merits of the motion, which became moot once the court granted IP summary judgment.

Ward's termination. While the affidavit may have some bearing on discrimination as to the affiant, it does not show that Ward was discriminated against because of age. *See **Kight v. Auto Zone, Inc.**,* 494 F.3d 727, 734 (8th Cir. 2007)(employees terminated by different decision makers are rarely similarly situated); ***Forrest v. Kraft Foods, Inc.,*** 285 F.3d 688, 691-92 (8th Cir. 2002)(in order to introduce evidence of other employees in a discrimination case, the other employees must be similarly situated). Moreover, the affidavit offers no evidence of systematic discrimination by IP.

Finally, Ward argues that the plant manager's statement that IP eliminated every position it considered is evidence of discrimination. This statement, even if true, is not evidence of discrimination. IP determined which *positions* were to be eliminated, not which employees. It is uncontroverted that IP had eliminated a similar position at many other plants, including the other Conway plant. Ward cannot point to any material fact in dispute that would establish a prima facie case. Therefore, summary judgment for IP was appropriate.

## B.

Ward argues that the above evidence also shows that IP's non-discriminatory reason for his termination, a legitimate RIF, is pretext. As Ward did not establish a prima facie case, this court need not discuss pretext. *See **Hanebrink,*** 110 F.3d at 647.

## III.

The judgment of the district court is affirmed.

_____