# United States Court of Appeals

### For the Eighth Circuit

_____

## No. 22-2080

_____

Kimberly L. Connors

*Plaintiff - Appellant*

v.

Merit Energy Company, LLC

*Defendant - Appellee*

Merit Energy Associates, LP; Merit Energy Management GP, LLC; Merit Energy
Partners VIII, LP; Merit Energy Partners X, LP; Merit Arkansas of Texas, LLC,
doing business as Merit Arkansas, LLC; MMGJ Arkansas Midstream, LLC;
MMGJ Arkansas Upstream, LLC; MMGJ Arkansas, LLC; MMGJ East Texas,
LLC; Merit East Texas, LLC; Merit Management Partners GP, LLC

*Defendant*s

------------------------------

Equal Employment Opportunity Commission

*Amicus on Behalf of Appellant(s)*

_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

_____

Submitted: December 28, 2022
Filed: January 25, 2023
[Unpublished]
_____

Before LOKEN, GRUENDER, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

This action arises out of Merit Energy Company, LLC's ("Merit") decision not to hire Kimberly L. Connors as a lease operator following Merit's purchase of part of an ongoing oil and gas operating company—XTO Energy—in the Ozark, Arkansas, area. Prior to the acquisition, Connors had been employed as a lease operator by XTO Energy for 17 years and had one of the longest routes. Of the 28 lease operators XTO Energy employed, Connors was the only female. When Merit began operating in the Ozark area, it determined it would need to hire 20 of XTO's former lease operators. Merit did not extend an offer of employment to Connors. Connors now appeals the adverse grant of summary judgment on her claims for age and sex discrimination under the Age Discrimination in Employment Act ("ADEA"), Title VII, and the Arkansas Civil Rights Act ("ACRA").

In the failure-to-hire context, a plaintiff may establish a *prima facie* case of discrimination by showing: (1) she was a member of a protected group; (2) she applied for an available position; (3) she was qualified for the position; (4) she was not hired; and (5) similarly situated individuals, not part of the protected group, were hired instead. Farver v. McCarthy, 931 F.3d 808, 912 (8th Cir. 2019). To make a *prima facie* case of discrimination when a reduction-in-force is involved, a plaintiff must make an additional showing—that is, "there is some additional evidence" that an illegal discriminatory criterion was a factor in the employer's decision. See Ward v. Int'l Paper Co., 509 F.3d 457, 460-61 (8th Cir. 2007). This additional evidence can be, for example, statistical or circumstantial. Id. at 461.

Here, the district court assumed, without deciding, that the "hiring" situation that arose from Merit's newly-acquired operations, which effectively decreased the number of lease operators from 28 to 20, falls within the typical failure-to-hire context. While we have generally stated that a reduction-in-force occurs when "business considerations cause an employer to eliminate one or more positions within the company," see Haggenmiller v. ABM Parking Servs., Inc., 837 F.3d 879, 884 n.5 (8th Cir. 2019), the case underlying that statement recognized that "it is not always a simple task to determine whether a genuine reduction-in-force has occurred," Dietrich v. Canadian Pacific Ltd., 536 N.W.2d 319, 324 (Minn. 1995). Because the district court did not consider or make findings on the question of whether a *bona fide* reduction-in-force occurred, and the requisite *prima facie* showing differs in the two contexts, we remand for consideration of this issue. See Schweiss v. Chrysler Motors Corp., 922 F.2d 473, 476 (8th Cir. 1990) (noting remand is appropriate when there are factual questions to be resolved or where we would benefit from having the district court decide the issue in the first instance).

For the foregoing reasons, we remand this case to the district court for proceedings consistent with this opinion.

_____