# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2332

_____

William Hitt,                                           *
                                                        *
             Appellant,                       *
                                                        *   Appeal from the United States
    v.                                              *   District Court for the Eastern
                                                        *   District of Arkansas.
Harsco Corporation,                                     *
                                                        *
             Appellee.                        *

_____

Submitted:  November 21, 2003
Filed:  January 30, 2004

_____

Before MELLOY, RICHARD S. ARNOLD, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

William Hitt appeals the district court's[1] grant of summary judgment for defendant Harsco Corporation ("Harsco") dismissing Hitt's claim under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-34. Reviewing the district court's decision *de novo*, we affirm.

---

[1] The Honorable Susan Webber Wright, Chief Judge, United States District Court for the Eastern District of Arkansas.

## I.

This dispute arises from Harsco's termination of Hitt's employment based on what Harsco asserts was a violation of company rules. Harsco says Hitt was fired for violating a rule against "aggressing or becoming involved in fighting." Hitt alleges that he was really fired because of his age, and that the company's explanation is a mere pretext.

Between 1992 and 2000, Hitt was employed by Harsco at its industrial support plant in Armorel, Arkansas. Hitt's responsibilities included operating a road grader, backhoe, pot carrier and bulldozer. When he was terminated in August 2000, Hitt was 65 years of age.

Hitt's son-in-law, Mark Odom, age 34, also worked at the Harsco plant. As of August 2000, tension had arisen between Hitt and Odom. Hitt believed that his grandson -- Odom's son -- had an injury to his hand as a result of abuse by a third party. Hitt had been trying to get custody of the child, and Odom refused even to allow contact between Hitt and his grandson.

On the morning of August 23, 2000, there was an altercation between Hitt and Odom at the Harsco plant. Hitt sought out Odom in the employee break room. With a raised voice, Hitt asked Odom what was wrong with the child's hand. Odom replied that he did not know. Hitt then said "yeah, you do know. You know what the problem is with his hand." Witnesses reported that Hitt told Odom that he would "kick his ass" because of the dispute over Hitt's grandson. As the discussion became heated, Odom said, "that's something we need to talk about outside."

Hitt followed Odom outside, while a group of employees gathered. According to Hitt, they "probably" thought they were going to see a fight. Witnesses later reported to Harsco supervisors that Hitt cursed and attempted to punch Odom, and that Odom retaliated by kicking Hitt.

Odom left the plant immediately after the incident. Hitt went to a plant foreman, Paul Smith, to tell him what happened. According to Hitt, Smith replied by saying, "Old man, you are too old to be fighting." Hitt claimed that he wasn't fighting, but that he was only asking about his grandchild, and that Odom kicked him.

At the end of the day, Harsco suspended both Hitt and Odom. Hitt's supervisor, Rodney Barnes, and John Schmalzried, the regional business director, conducted an investigation of the incident by interviewing eyewitnesses.

Schmalzried reported the results of the investigation to Robert Imhof, Harsco's Director of Industrial Relations. Imhof, whose office was in Pennsylvania, had the ultimate authority to hire and discharge Harsco employees. Schmalzried told Imhof that two employees were involved in a "heated discussion" in the breakroom that had then moved outside. He reported that eyewitnesses said one employee had thrown punches and the other employee had kicked back in defense or retaliation. Schmalzreid did not inform Imhof of the identities of the employees, or of their ages, when he made this report.

Imhof decided that both men should be terminated pursuant to Harsco's General Conduct rule 6: "An employee guilty of horseplay, agitating, aggressing or becoming involved in fighting will be subject to disciplinary action, including discharge." No one was hired to replace Hitt. After his termination, Hitt's responsibilities were redistributed among Harsco's remaining employees.

Approximately 30 days after Hitt's termination, Harsco underwent a reduction-in-force. Hitt alleges that all members of his former crew over age 50 were laid-off during the downsizing. Layoffs were decided by plant supervisors in a series of meetings that occurred over a number of days leading up to the workforce reduction.

At some point following Hitt's termination, Hitt's wife, Brenda, contacted Imhof's office to complain about Hitt's termination. In response to these calls, Imhof

visited the Hitts at their home. Hitt alleges when he related his version of the altercation with Odom, Imhof replied by saying he had been "misinformed" when he decided to terminate Hitt.

Hitt filed a charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC concluded that Hitt was terminated because of his involvement in a fight. After being issued a right to sue letter from the EEOC, Hitt filed the instant action alleging that Harsco fired him in violation of the ADEA. The district court granted summary judgment on the ground that Hitt failed to present evidence sufficient to create a reasonable inference that Harsco unlawfully discriminated on the basis of age.

II.

The district court should enter summary judgment when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. Proc. 56(c). The non-moving party may not rest upon mere allegations or denials of the moving party's pleading, but must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. Proc. 56(e). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Like the district court, we give the non-moving party the benefit of reasonable inferences that may be drawn without resorting to speculation.

The ADEA makes it unlawful for an employer to discriminate against an employee on the basis of the employee's age if the employee is 40 years of age or older. Given the evidence in this case, the parties agree that Hitt's claims are properly analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

-4-

Under that analysis, the plaintiff must first establish a *prima facie* case that the defendant violated the statute. To make such a case under the ADEA, the plaintiff must ordinarily show that: (1) he is a member of a protected age group; (2) he was performing his job at a level that met his employer's legitimate expectations; (3) he was discharged; and (4) he was replaced by a younger worker. *E.g., Ziegler v. Beverly Enterprises-Minnesota, Inc.*, 133 F.3d 671, 675 (8th Cir. 1998). Where, as here, the plaintiff's responsibilities were not reassigned to a specific individual, we have said the plaintiff must satisfy the fourth element of the *prima facie* case by showing "age was a factor in the employer's decision to terminate." *Yates v. Rexton, Inc.*, 267 F.3d 793, 799 (8th Cir. 2001); *see also Reynolds v. Land O'Lakes, Inc.*, 112 F.3d 358, 361 (8th Cir. 1997).

If an age discrimination plaintiff has established a *prima facie* case, the burden shifts to the defendant to "'produc[e] evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason.'" *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 142 (2000) (quoting *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981)). If the employer meets its burden to produce such evidence, then the plaintiff must "'prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.'" *Reeves*, 530 U.S. at 143 (quoting *Burdine*, 450 U.S. at 253).

In this case, Harsco joined issue early by volunteering that Hitt was fired for a legitimate, nondiscriminatory reason: He was fighting. Whether Hitt can satisfy the fourth element of the *prima facie* case and whether Hitt can establish that Harsco's stated reasons were a pretext turn, respectively, on whether Hitt can prove that age was a factor in, or the true reason for, the decision to terminate. We agree with the district court that there is insufficient proof of age discrimination to survive Harsco's motion for summary judgment.

Hitt urges that there is a genuine issue of fact as to whether he was actually fighting with Odom during the incident that led to termination. He asserts that Odom kicked him, but that he never engaged in fighting or impermissible aggressive behavior. Hitt relies on Imhof's alleged admission that he was "misinformed" about the incident when he made the decision to terminate Hitt for fighting. The difficulty with this contention is that it focuses on the wrong question. The key question in a discrimination case like this one is not whether Hitt was truly fighting, but whether the employer really *believed* that he was fighting, such that the termination was based on a non-discriminatory reason. *Scroggins v. Univ. of Minnesota*, 221 F.3d 1042, 1045 (8th Cir. 2000). It is undisputed that eyewitnesses reported to Harsco supervisors that Hitt threatened force against Odom in the break room, and then threw a punch at Odom when the two moved outside. These undisputed facts provided Harsco with a legitimate, non-discriminatory basis for termination, even if Hitt could now show that the witnesses were wrong in what they reported about the altercation.

Hitt argues that Harsco's explanation for his termination was a mere pretext for age discrimination, because he was disciplined more harshly than younger employees who engaged in similar conduct. Like the district court, we find the evidence of alleged disparate treatment unpersuasive. Hitt submitted evidence that in 1998, two Harsco employees were treated more leniently than he, because they were merely suspended for fighting. But even assuming the 1998 incident and Hitt's altercation were comparable (Harsco says they were not), one of the two employees who received this alleged leniency was aged 51, and thus a member of the protected class under the ADEA. Harsco, on the other hand, submitted undisputed evidence that younger employees were terminated for violating the company rule breached by Hitt. One 35-year-old employee was terminated for fighting in a previous incident, and Odom was terminated at age 34 for the altercation involving Hitt. If anything, this evidence tends to demonstrate that Harsco applies the rule against fighting without regard to age: A protected employee was suspended in one fighting incident; a younger employee was terminated in another; and in Hitt's own case, the company terminated both a younger employee and a protected employee. The evidence does not support Hitt's claim that age motivated his termination.

Hitt also submits that he was called "old man" by Smith, the foreman, and Barnes, the supervisor. Hitt testified that Barnes said on the work site that "you are too old to be out there," and that Barnes made comments referring to Hitt as "old man" with some regularity. He asserts that on the date of the altercation with Odom, Smith told Hitt, "Old man, you are too old to be fighting." From these submissions, Hitt asks us to find that a reasonable jury could infer his termination was based on age.

We are not persuaded that these remarks support an inference of age discrimination. While we have noted that "stray remarks" regarding age may be relevant to establishing a *prima facie* case or pretext under some circumstances, such comments are not persuasive evidence of motive when the remarks are made by persons other than a decisionmaker. *Girten v. McRentals, Inc.*, 337 F.3d 979, 983 (8th Cir. 2003). Hitt has not presented facts to dispute Harsco's evidence that Robert Imhof was the person who decided to terminate Hitt and Odom, and that he did so without knowing their ages. Smith and Barnes were not decisionmakers; they did not even communicate with Imhof about the incident. Although Barnes participated with Schmalzreid, the regional business manager, in the company's investigation of the incident, there is no dispute that the report to Imhof about the altercation was based upon the statements of independent witnesses with no age-related animus, not upon Barnes's own rendition of events. Accordingly, even if the remarks cited by Hitt could be taken as evidence of motive by Smith or Barnes to discharge persons based on age, they do not support an inference that Imhof's decision to terminate Hitt was so motivated.

Hitt next contends that the decision to terminate him was influenced by the prospect of impending layoffs at Harsco. He argues that Harsco knew it would be conducting a reduction-in-force in the near future, so it used the Hitt-Odom dispute as a pretext to maximize the number of older employees terminated in the reduction. Hitt also asserts that Harsco disregarded its own workforce reduction policy when it made its decisions about layoffs, presumably so that it could base the decisions on age instead.

We are not convinced that Hitt has demonstrated a sufficient connection between the reduction-in-force and his termination to warrant a reasonable inference of age discrimination. Hitt has not cited, and our independent review has not located, evidence in the record that as of the date when Hitt was terminated, Harsco already had determined to implement the reduction-in-force. Without such evidence, it would be speculation to find that layoffs occurring in September influenced the termination of an employee in August.

We doubt, moreover, whether a pre-existing plan to reduce the workforce would tend to undermine Harsco's evidence that Hitt was fired for fighting, and not because of his age. Whether or not there is a basis to find that Harsco's decisions during the reduction-in-force in September were motivated by age, it remains undisputed that Harsco had a legitimate non-discriminatory basis for terminating Hitt. And it is undisputed that both employees involved in the altercation, including the younger employee, were discharged. Perhaps Harsco decided to be tough on fighters because the company had to reduce its workforce, but rigorous enforcement of company rules against all violators does not tend to prove age discrimination.

The judgment of the district court is affirmed.