# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2177

_____

John R. Beckman,                        *
                                        *
            Appellant,                  *    Appeal from the United States
                                        *    District Court for the District
    v.                                  *    of Minnesota.
                                        *
KGP Telecommunications, Inc.,           *        [UNPUBLISHED]
                                        *
            Appellee.                   *

_____

Submitted: February 14, 2005
Filed:  April 20, 2005

_____

Before MELLOY, HEANEY, and FAGG, Circuit Judges.

_____

PER CURIAM.

    John R. Beckman began working for KGP Telecommunications, Inc. in 1997 when he was fifty-four years old. Beckman first worked as an outside sales representative, and later as national sales manager for one of KGP's divisions. In 2001, KGP suffered a financial downturn resulting in a 50% reduction of its workforce. Between August 2001 and February 2002, KGP implemented three workforce reductions, engaged in two organizational restructurings, and enforced a hiring and wage freeze. During this timeframe, Beckman's position was merged with another. Beckman was not selected for the consolidated position, so he returned to outside sales at a reduced salary. KGP chose its director of business development,

fifty-year-old John Grubb, to fill the consolidated position. Grubb became Beckman's supervisor. In February 2002, Beckman was laid off as part of KGP's third reduction in force.

Beckman then brought this lawsuit against KGP alleging age discrimination. The district court[*] granted summary judgment to KGP, finding Beckman failed to establish a prima facie case of discrimination, KGP had a legitimate, nondiscriminatory reason for terminating Beckman's employment, and Beckman failed to show KGP's nondiscriminatory reason for terminating him was a pretext for age discrimination.

On appeal, Beckman argues the district court committed error in granting summary judgment. Under the burden-shifting framework in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), Beckman had to establish a prima facie case of discrimination. See Chambers v. Metropolitan Prop. & Cas. Inc. Co., 351 F.3d 848, 855-56 (8th Cir. 2003) (stating elements of prima facie ADEA case involving reduction in force). The burden then shifted to KGP to articulate some legitimate, nondiscriminatory reason for Beckman's termination. Id. at 855. After KGP satisfied its burden of production, Beckman was required to show KGP's stated reason–a reduction in force– was a pretext for age discrimination. Id.

Here, Beckman failed to present sufficient evidence that age discrimination was the true reason for his termination. Beckman was in the same age group when he was hired and fired, he was not replaced by anyone younger, he was not a superior candidate for the consolidated position, the employees allegedly given preferential treatment were in the same age group as Beckman, and the KGP workforce got older, rather than younger, during the reductions in force.

---

[*]The Honorable Joan Ericksen, United States District Judge for the District of Minnesota.

Beckman asserts comments allegedly made by Grubb and the owner's husband show he was fired because of age discrimination. When Beckman met with Grubb in September 2001 to discuss his sales job, Grubb remarked, "I guess I need to get you some accounts, or you'll be down the road, old man." The next month, the owner's husband called Beckman on the telephone to discuss his job change and asked, "Hey old man, you haven't gone and slit your wrists or anything, have you?" Beckman later asked Grubb why his salary was cut, and Grubb responded, "I'm not going to listen to some old f***er ask questions about everything I am trying to do," and "We could have hired . . . two younger people, more aggressive people for what we are paying you." The comments by Grubb and the owner's husband do not raise an inference of age discrimination because Beckman did not present any evidence that either man made the decisions that negatively affected him. Remarks about age may establish pretext under some circumstances, but not when the remarks are made by someone other than a decisionmaker. Hitt v. Harsco Corp., 356 F.3d 920, 925 (8th Cir. 2004). Although Grubb and the strategic planning committee had recommended that Beckman be included in the first two reductions in force, the ultimate decisionmakers, Trevor and Timothy Putrah, had rejected the recommendations. During the third round of layoffs, the Putrahs decided to lay off Beckman. Even if Grubb's remarks are viewed as evidence of his motive to discharge persons based on age, the remarks do not support an inference that the Putrahs' decision to terminate Grubb was motivated by his age. Id.

Beckman contends that rather than the familiar McDonnell Douglas burden-shifting analysis, the district court should have applied Desert Palace v. Costa, 123 S. Ct. 2148, 2155 (2003), which holds a plaintiff may be entitled to a mixed-motive jury instruction without presenting direct evidence of discrimination if he shows discrimination was a "motivating factor" in the adverse employment decision. Assuming without deciding that Costa applies to ADEA claims, the district court properly granted summary judgment to KGP because Beckman presented insufficient evidence to support a finding that his age was a "motivating factor" in his

termination.  See <u>Trammel v. Simmons First Bank of Searcy</u>, 345 F.3d 611, 615 (8th Cir. 2003).

We thus affirm the district court's grant of summary judgment to KGP.

_____