BOEHM, J.,
concurring in part and dissenting in part.
For the reasons the majority gives, I agree that the State Personnel Act does not authorize SEAC to require IDEM to create positions that do not currently exist. I do not agree with the majority's conclusions as to a prima facie case of age discrimination. First, I believe the majority adopts an incorrect view of the law applicable to these facts. The majority adopts the federal burden-shifting approach to Title VII discrimination actions as instructive for Indiana's State Personnel Act. I agree that the federal approach enunciated in McDonnell Douglas Corp. v. Green, All U.S. 792, 98 S.Ct. 1817, 86 L.Ed.2d 668 (1973) should be followed under the Indiana statute. Under this framework a plaintiff claiming age discrimination must make a prima facie showing that: 1) he or she was over 40 years of age; 2) was performing his or her job at a level that met his or her employer's legitimate expectations; 8) was subject to an adverse employment action; e.g., a demotion; and 4) that the adverse employment action gave rise to an inference of unlawful discrimination, for instance, benefiting a significantly younger person. See, eg., Grabosky v. Tammac Corp., 127 F.Supp.2d 610, 619 (M.D.P2.2000). However, I do not believe that the majority opinion correctly describes the federal approach as applied to the facts in this case. Here we are reviewing a claim of age discrimination that was incurred as a result of a consolidation of departments, not a direct termination.
As explained below, in that context, I believe there is no requirement to show replacement by a younger person. As the Seventh Cireuit has explained, the focus in claims of discrimination is "whether the plaintiff has established a logical reason to believe that the [employment] decision rests on a legally forbidden ground. That one's replacement is of another race, sex, or age may help to raise an inference of discrimination, but it is neither a sufficient nor a necessary condition." Carson v. Bethlehem Steel Corp., 82 F.3d 157, 159 (7th Cir.1996). Under the proper standard of deference to agency findings, I would conclude that the agency finding that the plaintiffs proved discrimination should be affirmed at least to the extent that the plaintiffs have made a prima facie case.
The majority holds that because none of the employees were replaced with younger individuals they failed to satisfy the fourth prong of the McDonnell Douglas framework and thus failed to make a prima facie showing of age discrimination. The standard for a prima facie case, however, is flexible and is "not intended to be rigidly" applied. Mitchell v. Worldwide Underwriters Ins. Co., 967 F.2d 565, 567 (lith Cir.1992). When an employer terminates
*419 the employment of a worker within the protected age group in favor of a worker who is much younger and not within the protected age group, then, to prove the fourth prong of the McDonnell Douglas framework, the plaintiff must show that he or she was indeed replaced by an individual substantially younger than himself or herself. See Fisher v. Pharmacia & Upjohn, 225 F.3d 915, 919-22 (8th Cir.2000). However, where the discharge occurred in the context of a reduction in force,[1] "the fourth requirement is modified to require the plaintiff to offer some direct, cireum-stantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons." Skalka v. Fernald Envtl. Restoration Mgmt. Corp., 178 F.3d 414, 420 (6th Cir.1999), cert. denied (internal quotation marks omitted); accord Radue v. Kimberly-Clark Corp., 219 F.3d 612, 617 (7th Cir.2000) (fourth prong modified in a reduction in force situation to show substantially younger employees in positions similar to the plaintiff's position were treated more favorably).
The reason for this modification of the fourth prong is that if the plaintiff's former position is not filled or no longer exists it is impossible to prove that a younger person filled the eliminated position. The majority is correct that most cases applying this modified approach to the fourth prong are in the context of a reduction in force. But the logic is equally applicable to situations where a series of lateral or other moves amount to a reorganization that eliminates some positions without terminating employees. In both situations the critical point is the employee's former position is not filled or no longer exists. A demotion is an adverse employment action and may be accomplished without termination and without replacing the position.[2] In my view, modification of the fourth prong does not hinge on what type of adverse employment action the plaintiff alleges. Rather, it applies whenever discrimination cannot be proved directly because the plaintiff's former position no longer exists whether that is because the position was eliminated altogether or because its responsibilities, authority or benefits were substantially altered.[3]
I also conclude the evidence was sufficient to support the administrative finding *420 of a prima facie case. The Hearing Officer and the State Employees' Appeals Commission found that "this matter [arose] solely due to the unlawful discrimination by [IDEM] without dealing with the framework that the majority. adopts or the methodology I urge. I would remand this case and shift the burden to IDEM to articulate some legitimate, nondiscriminatory reason for their decision to maintain the supervisory status of all of the younger supervisors to the detriment of the older supervisors. A plaintiff may satisfy the fourth prong by demonstrating that the plaintiff "possessed qualifications superior to those of a younger co-worker working in the same position as the plaintiff" or "that the employer made statements indicative of a discriminatory motive." Moradian v. SEMCO Energy Gas Co., 315 F.Supp.2d 870, 874 (E.D.Mich.2004). The evidence "must be sufficiently probative to allow a factfinder to believe that the employer intentionally discriminated against the plaintiff because of age." Barnes v. GenCorp, Inc., 896 F.2d 1457, 1466 (6th Cir.1990), cert. demied. Thus, in cases such as this, where the plaintiffs' former positions either were not filled or no longer existed, the plaintiffs are permitted to satisfy the fourth prong of the McDonnell-Douglas framework by showing that they were treated less favorably than younger supervisors as a result of the consolidation.[4]
Before the consolidation, IDEM managers Mary Beth Tuohy and Bruce Palin had promoted several employees younger than 40 years old to supervisory positions. The plaintiffs contend that these younger employees, unlike many older employees with more experience and seniority, retained their status as supervisors after the consolidation. The plaintiffs did not receive a decrease in pay. However, they contend that their "decreased management responsibilities, lower personnel classifications, and lesser grade physical office space" constituted a "demotion."
The ultimate issue is whether IDEM intentionally discriminated against the plaintiffs by reason of age. This is a factual determination, and we are to give deference to the factual findings of the administrative agency if the findings are supported by substantial evidence. Ind. Dep't of Natural Res. v. Peabody Coal Co., 654 N.E.2d 289, 292 (Ind.Ct.App.1995); Hamilton County Dep't of Pub. Welfare v. Smith, 567 N.E.2d 165, 168 (Ind.Ct.App.1991). I agree with the ma *421 jority that the statistical evidence is not persuasive if viewed in isolation. As the majority notes, "[the statistical evidence indicated that before the merger, 34 of the 39 managers (87%) were over 40. After the merger, however, only 21 of the 26 remaining managerial positions (81%) were held by employees over 40." Because of the small sample the majority held that this statistical evidence "lacks sufficient breadth to be trustworthy." (citing Parker v. Fed. Nat'l Mortgage Ass'n, 741 F.2d 975, 980 (7th Cir.1984]). This sample size is too small to be sufficient evidence to meet the plaintiffs' prima facie showing of age discrimination. See Coates v. Johnson & Johnson, 756 F.2d 524, 541 (7th Cir.1985) (statistical evidence based upon small samples is generally not probative of discrimination); Haskell v. Kaman Corp., 748 F.2d 118, 121 (2d Cir.1984) ("For ... statistical evidence to be probative, ... the sample must be large enough to permit an inference that age was a determinative factor in the employer's decision.").
In this case, in addition to statistical evidence, the plaintiffs offered two statements by Tuohy to make a prima facie showing of age discrimination. The Hearing Officer for the State Employees' Appeals Commission found:
#12. Mary Beth Tuohy stated on more than one occasion during the reorganization that Respondent needed "new blood" and needed people who could offer "new and fresh ideas."
#18. All six effected [sic] employees over the age of 50 years were moved down in hierarchy.
# 14. All seven effected [sic] employees under the age of 40 were either retained as supervisors or promoted.
# 15. Of the twenty-three effected [sic] employees between the age of 40 and 49, sixteen were retained or promoted and seven were moved down.
#16. By a preponderance of the evidence, Petitioners have proven that age bias was a significant factor in the reorganization.
Finally, there was evidence that Tuohy urged one of the "demoted" managers to "set a good example" for all of the other supervisors by accepting a position as a toxicologist, and suggested that she could arrange that result involuntarily though the "appraisal system."
The majority concludes that Tuohy's comments to Moran regarding the need for "new blood" and "new and fresh ideas" along with the statistical evidence are not sufficient to raise an inference of age discrimination. The majority relies on a Seventh Circuit case which held that the phrase seeking "new blood," which was made five months before the plaintiff was terminated, did not reflect age bias, it meant to seek "a change." Fortier v. Am. Mobile Comm. Inc., 161 F.3d 1106, 1113 (7th Cir.1998); see also Beatty v. Wood, 204 F.3d 713, 716 (7th Cir.2000) (statement of needing "new blood" does not, "in isolation, evidence age-based discriminatory animus"). In contrast, repeated reference to an older employee as an "old fart" was probative of age discrimination. Moradian, 315 F.Supp.2d at 876. Also, the Sixth Circuit has found that the statement that a company "wanted younger people ... and that [plaintiff] was getting too old" was enough to suggest to a reasonable trier of fact that the plaintiff's age was a factor in the minds of the decision makers in the company. Peyton v. Kellermeyer Co., 115 Fed.Appx. 825, 2004 U.S.App. LEXIS 24107, **12-18, 2004 WL 2625029 (6th Cir. Nov. 17, 2004). To be sure, these references are more directly discriminatory, but the import of the statements made is largely an inference that may be substan *422 tially affected by the demeanor of the witness.
In evaluating allegedly discriminatory statements, a court should consider whether the statements: (1) were made by a decision-maker; (2) related to the decision-making process; (8) were more than merely vague, ambiguous or isolated remarks; and (4) whether they were proximate in time to the act of termination. Peters v. Lincoln Elec. Co., 285 F.8d 456, 478 (6th Cir.2002). In this case, the statements were made by one of the managers who was in charge of placement and promotions during the consolidation. The Hearing Officer found that the statements made by Tuohy and the statistical evidence supported the alleged discrimination. I believe that these statements, coupled with the statistical evidence, are sufficiently probative to allow a fact finder to believe that the employer made the statements with a discriminatory motive, and treated the younger supervisors more favorably. Particularly on issues that ultimately boil down to an assessment of credibility, we should defer to the factual findings of the Hearing Officer, which were adopted by the administrative agency.
. RUCKER, J., concurs.

. "A RIF occurs when an employer permanently eliminates certain positions from its workforce." Michas v. Health Cost Controls of Ill., Inc., 209 F.3d 687, 693 (7th Cir.2000).

. See, eg., Stavropoulos v. Firestone, 361 F.3d 610, 616-17 (11th Cir.2004), cert. denied, - U.S. -, 125 S.Ct. 1850, 161 LEd.2d 727 (2005) ("an adverse employment action" under Title VII includes any "ultimate employment decision" which includes "decisions such as termination, failure to hire, or demotion"); White v. Burlington N. & Santa Fe Ry. Co., 364 F.3d 789, 797 (6th Cir.2004) ("A reassignment without salary or work hour changes, ... may be an adverse employment action if it constitutes a demotion evidenced by 'a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation.' ").

. See, e.g., Hitt v. Harsco Corp., 356 F.3d 920, 924 (8th Cir.2004) ('Where, as here, the plaintiff's responsibilities were not reassigned to a specific individual, we have said the plaintiff must satisfy the fourth element of the prima facie case by showing 'age was a factor in the employer's decision to terminate.' "); Steward v. Sears Roebuck & Co., 312 F.Supp.2d 719, 726 (E.D.Pa.2004) (the plaintiff's duties were absorbed by other employees in a "non-RIF" situation: "the fact that [the plaintiff] was not 'replaced' after his termination is not fatal to establishing a prima facie case of age discrimination. [The plaintiff] can satisfy the fourth prong of McDonnell Douglas by offering evidence that younger employees were treated more favorably.").

. See Collier v. Budd Co., 66 F.3d 886, 890-91 (7th Cir.1995) ("In RIF [reduction in force] cases, we do not require a plaintiff to prove that he has been replaced by a younger employee. Generally, when a company reduces or restructures its workforce, it does not simply hire a new person to fill the discharged employee's old position. Rather, as was the case here, jobs are often consolidated and/or work is shifted to other existing employees. Thus, at least in the strict sense, the discharged employee has not truly been replaced by anyone. Consequently, the fourth element of the prima facie case in RIF cases is not that the employee was replaced by a younger employee but that 'younger employees were treated more favorably.'"); Vega v. Kodak Caribbean, 3 F.3d 476, 479 (1st Cir.1993) ("'When a reduction in force is involved, a plaintiff may satisfy the fourth element by demonstrating that the employer did not treat age neutrally in shrinking its payroll This lack of neutrality may be manifested either by a facially discriminatory policy or by a policy which, though age-neutral on its face, has the effect of discriminating against older persons, say, by leading inexorably to the retention of younger employees while similarly situated older employees are given their walking papers."); Branson v. Price River Coal Co., 853 F.2d 768, 771 (10th Cir.1988) ("Evidence that an employer fired qualified older employees but retained younger ones in similar positions is sufficient to create a rebuttable presumption of discriminatory intent and to require the employer to articulate reasons for its decision.").