*762 BYE, Circuit Judge,
concurring in part and dissenting in part.
I concur in the majority’s reasoning to the extent it concludes Carlyn Johnson submitted sufficient evidence to raise genuine questions of material fact about each element of a prima facie case of age discrimination. I also agree Securitas articulated -legitimate, nondiscriminatory reasons for terminating Johnson’s employment. As -such, my decision hinges on whether Johnson submitted sufficient evidence to call into question the legitimacy of Securi-tas’s reasons. Unlike the majority, I conclude he did not. Accordingly, I respectfully dissent from the majority’s decision to reverse the decision of the district court.
The majority identifies four questions of fact, which it concludes are sufficient to “raise genuine doubt as to the legitimacy of Securitas’s motive[.]” Ante at 761'. Those are (1) whether Johnson left his post early, (2) whether Securitas treated similarly situated younger employees differently, (3) whether Robert Hesse participated in the decision to terminate Johnson’s employment, and (4) whether Sherry Parker was aware of Johnson’s age when she terminated him.
Johnson left his post at Rail Logistics at or around 7:00 a.m. on the day in question. Reasoning we are required to accept Johnson’s contention the shift ended at 7:00 a.m., the majority concludes a question of material fact exists whether Johnson actually left before the end of the shift. Ante at 760. Although relevant, this is the wrong inquiry. “Our precedent establishes that the ‘critical inquiry in discrimination cases like this one is not whether the employee actually engaged in the conduct for which he was terminated, but whether the employer in good faith believed that the employee was guilty of the conduct justifying discharge.’ ” Pulczinski v. Trinity Structural Towers, Inc., 691 F.3d 996, 1002 (8th Cir.2012) (quoting McCullough v. Univ. of Ark. for Med. Scis., 559 F.3d 855, 861-62 (8th Cir.2009)). The evidence indicates Securitas was relying on its contract with Rail Logistics, which expressly sets forth that the pertinent shift was scheduled to end at 8:00 a.m. App. 120. None of the evidence submitted by Johnson creates a question of material fact whether the decision makers in good faith believed Johnson had left his post early by leaving the site before that time.
The majority also concludes a question of material fact exists whether Hesse and James Marion, who are both younger than Johnson and had also been involved in job-related vehicle accidents, were treated differently than Johnson. Ante at 761. Johnson, however, has not submitted sufficient evidence to even raise a question of material fact whether those employees are sufficiently similarly situated to him to warrant comparison.
. “At the pretext stage, ‘the test for determining whether employees are similarly situated to a plaintiff is a rigorous one.’ ” Bone v. G4S Youth Servs., LLC, 686 F.3d 948, 956 (8th Cir.2012) (quoting Rodgers v. U.S. Bank, N.A., 417 F.3d 845, 853 (8th Cir.2005)), cert. denied, — U.S.-, 133 S.Ct. 1252, 185 L.Ed.2d 181 (2013). “[Johnson] must show that [he] and the employees outside of [his] protected group were ‘similarly situated in all relevant respects.’ ” Id. (quoting Rodgers, 417 F.3d at 853). -“[T]he individuals used for comparison must have dealt with the same supervisor, have been subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances.” Id. (quoting Clark v. Runyon, 218 F.3d 915, 918 (8th Cir.2000)). The accidents of Hesse and Marion both have distinguishing circumstances in that they reported their vehicle accidents im *763 mediately. App. 643, 1047. In addition, there is no evidence whether Hesse or Marion may have left his post early in conjunction with his accident. Johnson has introduced no contradictory evidence to address those distinguishing circumstances. Accordingly, as a matter of law, neither Hesse nor Marion is similarly situated to Johnson.
The remaining questions of fact are whether Hesse participated in the decision to terminate Johnson’s employment and whether Parker was aware of Johnson’s age when she terminated his employment. Once an employer has articulated a legitimate reason for termination, “the plaintiff can only avoid summary judgment if he or she presents evidence that considered in its entirety, (1) creates a question of material fact as to whether the defendant’s proffered reasons are pretextual and (2) creates a reasonable inference that age was a determinative factor in the adverse employment decision.” Kohrb v. MidAm-erican Energy Co., 364 F.3d 894, 897 (8th Cir.2004) (quoting Hindman v. Transient Corp., 145 F.3d 986, 991 (8th Cir.1998)).
Johnson’s only evidence of age animus consists of Hesse’s comments, which we must assume were related to Johnson’s age. We must also assume Hesse and Charlie Bunch, as Johnson’s supervisors, along with Parker, as Securitas’s Human Resources Director, collectively decided to terminate Johnson’s employment.[3] Johnson offers no direct evidence of the contents of the decision making process. It would be reasonable, however, to infer Hesse, who had a history of making age-related comments about Johnson, made Bunch and Parker aware of Johnson’s age. See Hitt v. Harsco Corp., 356 F.3d 920, 923-24 (8th Cir.2004) (“Like the district court, we give the non-moving party the benefit of reasonable inferences that may be drawn without resorting to speculation.”). However, I find nothing in that mere awareness to create a question of material fact whether Securitas’s reasons for terminating Johnson’s employment were pretextual. Nor do I find anything to create a reasonable inference that age was the determinative factor in their decision to terminate Johnson’s employment.
Accordingly, I respectfully dissent from the majority’s conclusion that the district court erred in granting summary judgment to Securitas.

. Johnson bases his contention Hesse was involved in the decision to terminate his employment on Securitas’s initial responses to his interrogatories, which indicated Hesse, Bunch, and Parker collectively made the decision. App. 1082. Securitas relies on a subsequent response indicating Parker was the sole decision maker. Appellee's Br. 17. For the purposes of summary judgment, we must accept Johnson's contention the initial response accurately described those who made the decision.