SMITH, Circuit Judge,
with whom MELLOY and KELLY, Circuit Judges, join, concurring in part and dissenting in part.
I concur in the majority’s reasoning to the extent that it concludes that Carlyn Johnson submitted sufficient evidence to raise genuine issues of material fact about each element of a prima facie case of age discrimination. I also agree that Securitas articulated legitimate, nondiscriminatory reasons for terminating Johnson’s employment. But, unlike the majority, I find that Johnson has “adduce[d] enough admissible evidence to raise genuine doubt as to the legitimacy of [Securitas’s] motive, even if that evidence did not directly contradict or disprove [Securitas’s] articulated reasons for its actions.” Davenport v. Riverview Gardens Sch. Dist., 30 F.3d 940, 945 n. 8 (8th Cir.1994) (citation omitted). Because “genuine issue[s] of material fact concerning pretext” exist, summary judgment is an inappropriate disposition. Hase v. Mo. Div. of Emp’t Sec., 972 F.2d 893, 896 (8th Cir.1992). Accordingly, I respectfully dissent from the majority’s decision to affirm the decision of the district court.
“ ‘Summary judgment is proper if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law.’ ” Johnson v. Carroll, 658 F.3d 819, 825 (8th Cir.2011) (quoting Hayek v. City of St. Paul, 488 F.3d 1049, 1054 (8th Cir.2007)). “A dispute about a material fact is genuine if the evidence is such that a reasonable trier of fact could return a decision in favor of the party opposing summary judgment.” Commercial Union Ins. Co. v. Schmidt, 967 F.2d 270, 272 (8th Cir.1992) (citing Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).We review a district court’s grant of summary judgment de novo. Carroll, 658 F.3d at 825.
Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury *615 functions, not those of a judge, whether he is ruling on a motion for summary judgment or for .a directed verdict. The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.
Anderson, 477 U.S. at 255, 106 S.Ct. 2505 (citation omitted).
Because Securitas put forth a legitimate, nondiscriminatory reason for terminating Johnson’s employment, Johnson must demonstrate “ ‘that [Securitas’s] proffered explanation is pretextual or his claims will fail.’ ” Anderson v. Durham D & M, L.L.C., 606 F.3d 513, 521 (8th Cir. 2010) (quoting Humphries v. Pulaski Cnty. Special Sch. Dist., 580 F.3d 688, 692 (8th Cir.2009)). Johnson satisfies this burden by producing “ ‘enough admissible evidence to raise genuine doubt as to the legitimacy of [Securitas’s] motive.’” Id. (quoting Sprenger, 253 F.3d at 1110). The majority compartmentalizes each of Johnson’s arguments and then summarily dismisses Johnson’s contention that the record as a whole contains questions of material fact sufficient for him to survive Securitas’s summary judgment motion. In doing so, the majority has missed the proverbial forest for the trees.
Construing the facts in the light most favorable to Johnson — as we must — shows that Johnson has “adduce[d] enough admissible evidence to raise genuine doubt as to the legitimacy of [Securitas’s] motive, even if that evidence did not directly contradict or disprove [Securitas’s] articulated reasons for its actions.” Davenport, 30 F.3d at 945 n. 8 (citation omitted).
Hesse, Johnson’s supervisor, told Johnson on several occasions over a three-year period that Johnson “needed to hang up his Superman cape.” Johnson understood Hesse’s comment to mean that Johnson “was worn out and ... shouldn’t be working.” Hesse “also said [that Johnson] was too old to be working.” On one occasion, when Johnson’s wife called Hesse to advise him that her husband was in the hospital, Hesse commented that Johnson “should retire,” “was ‘too old’ to continue working,” and “ ‘needed to hang up his Superman cape and retire.’ ”
Hesse also compared Johnson to Hesse’s retired father, who was in his 80’s at the time of Johnson’s termination. Hesse told Johnson that Hesse’s father “tried to work, do more than [he] could do.” Hesse testified that he made the comparison to his father in response to Johnson’s acceptance of more work as a utility officer with Securitas. Johnson testified that Hesse “always referenced to his own father who was 86 [and] had to quit [work], and now Bob [Hesse] had to take care of him. He said, ‘You ought to do the same thing. Just drop everything.’ ”
Hesse admitted to telling field service managers, including Bunch, that Johnson “needed to hang up his cape” and that Johnson was “working past his limitations.” Hesse also suggested to other managers that they “prevent [Johnson] from working 50, 60 hours a week.” Johnson brought Hesse’s comments to his supervisors’ attention, including Hesse himself and Bunch.
Prior to Johnson’s termination, Hesse called Johnson and told him that Hesse had talked with Parker. Hesse told Johnson “that [Hesse] thought [Johnson] should hang up [his] cape and retire or go home.” Hesse provided Johnson with Parker’s telephone number, told Johnson that he had talked with Parker, and advised Johnson that Parker was going to call Johnson.
In a subsequent phone call with Parker, Johnson was terminated. In response to an interrogatory, Securitas stated that Parker, Bunch, and Hesse participated in *616 the decision to terminate Johnson. Parker testified that she did not know how old Johnson was at the time of his termination. Johnson testified, however,, that Parker was aware of his age and confirmed Johnson’s birth year during the phone call when she terminated Johnson. Whether Parker knew Johnson’s age at the time of his termination goes to Parker’s credibility — a determination that a jury — not judge — must make. See Anderson, 477 U.S. at 255, 106 S.Ct. 2505. If Parker’s statement that she did not know Johnson’s age at the time of termination is demonstrably false, then a reasonable factfinder could conclude that Johnson was not credible and draw a reasonable inference that Parker’s motivation in agreeing to Johnson’s termination was age related. See Hitt v. Harsco Corp., 356 F.3d 920, 923-24 (8th Cir.2004) (“Like the district court, we give the non-moving party the benefit of reasonable inferences that may be drawn without resorting to speculation.”).
In sum, construing the facts in the light most favorable to Johnson, the record shows that Hesse, Parker, and Bunch collectively decided to terminate Johnson’s employment. Decisionmaker Hesse repeatedly made disparaging, age-related comments about Johnson, including telling Johnson just prior to his termination that he should “hang up [his] cape and retire or go home.” A factfinder could reasonably conclude that decisionmaker Hesse sought to terminate Johnson because of his age.
As the majority admits, “Because Hesse had previously discussed Johnson’s age with other Securitas managers, it would be reasonable to infer Hesse spoke to Bunch and Parker about Johnson’s age.” See Part II, supra. But the majority’s analysis stops short. The ultimate question is not whether Hesse spoke to Bunch and Parker about Johnson’s age but what effect Hesse’s repeated, derogatory comments about Johnson’s age had on his fellow decisionmakers. Hesse made the disparaging, age-related comments to Johnson and other managers, including decisionmaker Bunch. Additionally, Hesse informed Johnson that he should retire shortly after speaking with decisionmaker Parker. Did Parker really not know Johnson’s age at the time of his termination? How much did Hesse influence Bunch’s and Parker’s decision to terminate Johnson? On this record, these questions are for a jury to decide, not this court. See Anderson, 477 U.S. at 255, 106 S.Ct. 2505.
Accordingly, I respectfully dissent from the majority’s conclusion that genuine issues of material fact concerning pretext do not exist and would reverse the district court’s grant of summary judgment in Sec-uritas’s favor.